JAY L. DULL *v.* STATE OF INDIANA.

[No. 675S156. Filed February 6, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *R. Davy Eaglesfield, III,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles D. Rodgers,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Dull was convicted of first-degree murder at the conclusion of a jury trial in Delaware Circuit Court on March 24, 1961, and sentenced to death by electrocution. This conviction was appealed to this Court and affirmed. *Dull* v. *State,* (1962) 242 Ind. 633, 180 N.E.2d 523, *cert. denied,* (1962) 371 U.S. 902, 83 S.Ct. 206, 9 L.Ed.2d 164. In March of 1972, appellant filed a petition for post-conviction relief pursuant to Ind. R. P.C. 1. This petition was denied as to all specifications except one, under which the court reduced appellant's sentence from death to life imprisonment. The present appeal follows from this denial.

The alleged errors before us all relate to a post-conviction assertion by appellant that his written confession, admitted into evidence at trial, was inadmissible. These issues can be reduced to two: (1) an alleged incompetency of counsel, and; (2) the admission into evidence of appellant's written confession, which was allegedly given on a promise by the prosecution that the state would not ask for the death penalty at trial.

I.

Appellant's charges against his counsel are, quite generally, that he did everything wrong. He charges that counsel did not spend the required amount of time in preparation by discussing the cause and defenses with the appellant himself, nor with any members of his family with regard to his back-

ground and character. He specifically points out many occurrences throughout the trial that went against him, and designates incompetence of counsel as a reason for the failure of his positions. Appellant's trial attorney was Mr. Clarence Benadum, who was appointed to represent appellant by the court at appellant's request, after the indictment. Mr. Benadum was in ill health and was unable to testify at the post-conviction hearing, so we do not have his testimony in the record.

The appellant testified at the post-conviction hearing that he admitted to his attorney that he gave the confession to the police and that in fact the confession was true, so that such confession was admitted as it was without objection. On three earlier occasions, in 1962, 1963, and 1964, this appellant filed petitions for writs of error coram nobis. He alleged therein that the confession he gave to the police was given at a time when he was under sedation from drugs in the hospital, and complained because Mr. Benadum did not question the attendants at the hospital and pursue this defense. There is no evidence that appellant made this claim or raised this question at the time of his trial. As a matter of fact, in 1972, appellant alleged in the P.C. petition giving rise to this appeal that he gave the confession willingly and freely, but that it was done because of a promise by the state that they would not ask for the death penalty. Appellant further complains because his attorney did not file a defense of insanity, but there is no evidence that this issue was apparent at the time of trial or would have been a viable defense.

The state presented evidence to show the following with regard to attorney Clarence Benadum; that he had a reputation for being a careful and competent criminal defense attorney; that he had tried approximately 140 murder cases before he represented appellant; that appellant asked the trial court to appoint Mr. Benadum as his attorney because appellant knew of said attorney's reputation as being the best defense counsel in Delaware county; that Mr. Benadum

had tried more criminal felony cases than any living lawyer in Indiana at that time and the instant case is the only case in which Mr. Benadum lost a client to the electric chair; that it was Mr. Benadum's normal procedure to talk to and discuss the case with the defendants he represented in trial and he did interview members of appellant's family preparatory to this trial; that Mr. Benadum used the defense of insanity on many occasions and was well aware of the defense and well able to handle it, and; that Mr. Benadum had been a member of the Criminal Study Commission for several years and at one time was chairman of that commission.

It is well setttled that it requires strong and convincing evidence to rebut the presumption that counsel has been competent. Incompetency of counsel revolves around the particular facts of each case, and what the attorney did or did not do must have made the proceedings a mockery of justice shocking to the conscience of the reviewing court to constitute incompetence. This court will not second-guess tactics or strategy of a particular attorney in a particular case. *Hoskins* v. *State*, (1973) 261 Ind. 291, 302 N.E.2d 499; *Payne* v. *State*, (1973) 261 Ind. 221, 301 N.E.2d 514; *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686; *Robbins* v. *State*, (1971) 257 Ind. 273, 274 N.E.2d 255; *Thomas* v. *State*, (1969) 251 Ind. 546, 242 N.E.2d 919. It does not appear that appellant carried his burden of showing his failure at the trial level was due to the incompetency of this attorney. The trial court heard all of the evidence on this issue and resolved the conflicts against appellant. We hold the trial court did not err in this finding.

## II.

Appellant claims that his written confession, admitted at trial against him, was given to Officer David Thomas of the Muncie police department upon a promise by said officer that the state would not ask for the death penalty. Appellant testified at the post-conviction hearing that he was willing

to have this matter resolved, but that he was afraid of the electric chair and told the officer of his fears. Officer Thomas testified at the post-conviction hearing that he did in fact tell appellant that the state would not ask for the death penalty if he would reduce his statement to writing. Officer Thomas further testified that he talked to appellant on two occasions previous to the one in which the written confession was given, and that on both of those occasions appellant admitted his involvement in this incident and told him the same facts contained in the confession. The officer said the promise was made to appellant to induce him to give a signed written confession in support of the oral confessions he had already given. Why the promise was not kept is not made clear in this record. However, several facts are worthy of note: the defense was well aware at the time of trial that there was no such commitment extant, as the prosecuting attorney qualified the jury for the death penalty on voir dire without any objection or comment from the defense; the confession was put into evidence without any objection from the defense and read to the jury; the appellant himself took the stand and testified that he did in fact commit the acts that the confession relates, but stated that he struck the decedent but did not mean to kill him. In addition, there were other witnesses who implicated appellant, including one Officer New of the Muncie police department. Officer New testified, again without objection, that on several occasions appellant orally admitted his guilt in the cause to him, and admitted all of the facts consistent with the written confession that was put into evidence. No question is raised here or has ever been raised by appellant as to Officer New's testimony.

The issue here was not raised on the earlier appeal of this cause, nor on three writs of error coram nobis filed subsequent thereto. It was raised for the first time in the petition for post-conviction relief in 1972, some eleven years after the conviction. This is not newly-discovered evidence, as it was a fact will within the knowledge of appellant and his attorney

at the time of trial and appears to have been a choice of strategies at the time. With the very strong evidence against the appellant one can well recognize that the strategy of defense was to prevent the jury from giving the death penalty.

The state raised the issue of a waiver before the trial court in the post-conviction proceedings below. In *Langley* v. *State*, (1971) 256 Ind. 199 at 211, 267 N.E.2d 538 at 545, the Court stated as follows:

> "Where the defense of waiver is raised, we have already noted that a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal procedural channels, i.e. rebut the legal validity of the waiver defense."

Following *Langley*, in *Baynard* v. *State*, (1974) 162 Ind. App. 86, 317 N.E.2d 897, at 899, the Indiana Court of Appeals held that where neither the record nor appellant's brief revealed any proffered basis or circumstance which would satisfactorily mitigate appellant's failure to pursue or perfect a remedy through the normal procedural channels, the legal validity of the waiver defense presented was unrebutted and appellant's issues were waived.

Since appellant did not raise this issue either at trial level, on appeal, nor on any of his subsequent post-conviction petitions before the present one, he waived the issue and was not entitled to relief in the hearing pursuant to Ind. R. P.C. 1 below.

The trial court is affirmed on all issues.

All justices concur.

NOTE.—Reported at 372 N.E.2d 171.