HENRY COTTINGHAM *v.* STATE OF INDIANA.

[No. 877S559. Filed August 31, 1978.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *K. Richard Payne,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Victoria R. Van Duren,* Deputy Attorney General, for appellee.

HUNTER, J.—The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Remedy, Rule 1. His conviction for armed robbery was affirmed by this Court on direct appeal, *Cottingham* v. *State*, (1973) 261 Ind. 346, 303 N.E.2d 268. He raises the single issue of whether he was denied his constitutionally guaranteed right to the effective assistance of counsel.

We first take notice that in post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds to relief by a preponderance of the evidence. Ind. R. P.C. 1 § 5; *Davis* v. *State*, (1975) 263 Ind. 327, 330 N.E.2d 738. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witness. *Carroll* v. *State*, (1976) 265 Ind. 423, 355 N.E.2d 408. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Roberts* v. *State*, (1975) 263 Ind. 53, 324 N.E.2d 265.

At the post-conviction hearing, the defendant stated that he only talked with his court-appointed attorney a "couple of times" for a "few minutes" and that he never discussed the facts of the case. He alleged that his counsel was ineffective because he had not adequately investigated the facts of the case, had not filed a motion for change of venue, had not obtained an independent ballistics test of the weapon, and had not subpoenaed certain alibi witnesses.

However, the attorney presented evidence at the hearing to show that he had talked with petitioner at least five times during three months he had been assigned to the case; he had consulted with the private attorney who had originally worked on the case; and he had appeared in court with defendant on several preliminary matters. He testified that he had discussed with the defendant his not guilty plea, his right to a jury trial, his bond reduction, his alibi defense and possible alibi witnesses.

It has long been established that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Roberts* v. *State*, (1977) 266 Ind. 72, 360 N.E.2d 825; *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686. Defendant cites *Thomas* v. *State*, (1969) 251 Ind. 546, 242 N.E.2d 919, for the proposition that an inadequate investigation and a failure to present the requested defense is ineffective assistance of counsel. However, in *Thomas*, no alibi defense was presented and the attorney waited until the night before the trial to contact the alibi witness.

In the instant case, the alibi defense was presented and consisted of establishing the specific time defendant left work and the time he returned home to his wife on the night of the crime. The attorney had talked with the employer on the phone a few days prior to the trial and the testimony of defendant's wife was stipulated by both parties.

The defendant contends that the attorney failed to present an adequate defense because he did not subpoena an alleged accomplice. This witness could have testified about events which happened immediately after the crime and involved the shooting of a police officer. Defendant feels the testimony of his witness would have counteracted the testimony of the police officer. However, we have often held that a failure to claim every possible legal advantage is not proof of inadequacy of counsel. *Robbins* v. *State*, (1971) 257 Ind. 273, 274 N.E.2d 255.

Incompetency of counsel revolves around the particular facts of each case and the actions or inactions of the attorney must have made the proceedings a mockery of justice before incompetence will be found. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Dull* v. *State*, (1978) 267 Ind. 549, 372 N.E.2d 171; *Roberts, supra; Blackburn, supra.* In the instant case there was ample evidence

of an adequate investigation and a presentation of the alibi defense by the attorney. Considering the nature of the alibi defense in this case and the positive eyewitness and fingerprint identification which was given against the defendant, the record wholly fails to show a case of inadequate representation. We hold that the trial court did not err in deciding this issue against defendant.

Defendant also contends that this Court should change the "mockery of justice" standard that we have applied to this issue. He cites several federal cases which follow a "new" standard. He contends that a standard of "reasonably competent" would be more consistent with the Sixth Amendment's requirements. He suggests a standard similar to that of the U.S. Court of Appeals, D.C. Circuit, which is:

"[A] defendant is entitled to the reasonably competent assistance of an attorney acting as his diligent conscientious advocate." *United States* v. *DeCoster,* (D.C. Cir. 1973) 487 F.2d 1197, 1202.

We are not persuaded that there is any need to change our existing standard at this time. We have already modified the "mockery of justice" standard in *Thomas, supra,* where we held:

"It is reversible error not to provide a defendant in a criminal prosecution with adequate legal representation at each stage of the proceeding. . . ." 251 Ind. at 557, 242 N.E.2d at 925.

The "mockery of justice" standard, modified with the "adequate legal representation" of *Thomas, supra,* will insure that defendants receive competent legal counsel. As discussed above, there was competent and adequate representation in the instant case.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 379 N.E.2d 984.