Robert Lee JONES, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1077S770.

Supreme Court of Indiana.

Dec. 21, 1978.

Harriette Bailey Conn, Public Defender, K. Richard Payne, Sp. Asst. Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Robert Lee Jones, was charged by grand jury indictment on alternative counts of felony murder and second-degree murder in 1973. At the arraignment proceeding, the defendant was permitted to plead guilty to the second-degree murder charge in exchange for a dismissal

ol the felony murder charge and a separate cause for armed robbery. He was sentenced to life imprisonment and filed a petition for post-conviction relief in December, 1975. The hearing on this petition was held in August, 1976, and the petition was denied.

The defendant was then granted permission to file a belated appeal, and he has now raised the issues of ineffective representation of counsel at the time of entering his guilty plea and his failure to meet his burden of proof at the post-conviction relief hearing.

The incident which was the basis of these charges was the shooting death of Kenneth Hegerfeld which occurred during the robbery of a tavern in Ft. Wayne. At the time of the guilty plea proceedings, the defendant stated that he participated in the robbery with his sister and another man. He stated that while he was in the tavern, he saw the front door open and fired at a man who was leaving. He then ran outside and shot again at the fleeing man. Hegerfeld was killed by a shot in the back of the head. This account of the incident was corroborated by the investigating police officer. There were around thirty witnesses to these events, including Hegerfeld's wife who was in the tavern at the time of the robbery. Police statements from these witnesses all indicated that defendant was the one who did the shooting.

■ Defendant first contends that he was denied his constitutional right to the effective assistance of counsel because his court-appointed counsel did not fully explain the consequences of the guilty plea, did not thoroughly interview him, and allowed his mother to help him make critical decisions. It has long been established that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *McFarland v. State*, (1978) Ind., 381 N.E.2d 1061; *Roberts v. State*, (1977) Ind., 360 N.E.2d 825.

■ Incompetency of counsel revolves around the particular facts of each case and the actions or inactions of the attorney must have made the proceedings a mockery of justice before incompetence will be found. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Cottingham v. State,* (1978) Ind., 379 N.E.2d 984; *Dull v. State,* (1978) Ind., 372 N.E.2d 171.

■ The record in the instant case shows that defendant's attorney had several conferences with the defendant, his mother, his sister's attorney, and the prosecutor's office in connection with this case. The attorney was careful to include defendant's mother in the conferences because defendant was only sixteen at the time of the robbery. This protection of defendant's rights as a juvenile cannot now be claimed as a denial of other constitutional rights. Defendant's attorney also went over the statements of all the witnesses present in the tavern at the time of the robbery and found that these statements were consistent in describing defendant as the one who did the shooting.

The attorney arranged for defendant to be examined by two psychiatrists and discussed their reports with the defendant and his mother. He discussed the guilty plea arrangements with both the defendant and his mother and carefully pointed out that the state would accept a plea to second-degree murder but would insist on the full penalty of life imprisonment and not the alternative penalty of fifteen to twenty-five years. The record shows more than adequate investigation, consultation, and careful explanation of the guilty plea arrangements by defendant's attorney and does not support defendant's claim of ineffective assistance.

■ Defendant further urges this Court to change the existing "mockery of justice" standard for ineffective assistance of counsel. As we have pointed out in *Cottingham, supra,* we have already modified this standard in *Thomas v. State*, (1969) 251 Ind. 546, 242 N.E.2d 919, where we held:

"It is reversible error not to provide a defendant in a criminal prosecution with

adequate legal representation at each stage of the proceeding . . . ." 251 Ind. at 557, 242 N.E.2d at 925.

The "mockery of justice" standard, modified with the "adequate legal representation" of *Thomas, supra,* insures that defendants will receive competent legal representation.

■ The defendant also alleges that his guilty plea was involuntary because of the ineffective representation of his counsel. This contention is not persuasive since we have already found that defendant had more than adequate representation. Furthermore, the record shows that the trial court conducted a very lengthy and careful discussion with defendant before he accepted the guilty plea. All requirements of Ind. Code § 35–4.1–1–3 to § 35–4.1–1–5 were carefully met by the court. There is nothing in the record to support defendant's claim of an involuntary plea.

■ The defendant's final contention of error is that his post-conviction relief petition should not have been denied for failure to carry his burden of proof. However, defendant did not cite any authority or present any argument on this issue and it is therefore waived. Ind.R.Ap.P. 8.3(A)(7); *Murphy v. State,* (1977) Ind., 369 N.E.2d 411; *Ballard v. State,* (1974) 262 Ind. 482, 318 N.E.2d 798. It is also obvious that his self-serving story that he was paid to take the blame for someone else in this incident had been investigated at the time of the original guilty plea and no substantial new evidence was presented at the post-conviction relief hearing.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.