Timothy J. RINARD, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1278S298.

Supreme Court of Indiana.

Sept. 20, 1979.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of violating the Indiana Uniform Controlled Substances Act, delivery of cocaine, and was sentenced to a term of fifteen years. The conviction was affirmed by this Court in a unanimous opinion, *Rinard v. State,* (1976) 265 Ind. 56, 351 N.E.2d 20. His petition now raises the following issues:

1. Whether the defendant was denied his constitutional right of confrontation and cross-examination due to the alleged failure of the trial court to properly enforce a subpoena;

2. Whether the defendant was denied his right to be tried by an impartial jury;

3. Whether the defendant was denied adequate representation of counsel;

4. Whether certain statements elicited from defendant's mother were so prejudi-cial as to deny defendant a fair trial or whether this issue was waived since it was not brought up on direct appeal; and

5. Whether the issue of the chain of custody of a packet of cocaine is res judica-ta since it was considered by this Court on direct appeal.

### I.

Prior to his original trial, the defendant filed a Motion to Produce the Name and Current Address of Anonymous Witness. This witness was an undercover police informant, Robert Foster. Subsequently, a subpoena duces tecum was served on Foster to appear at the defendant's trial and bring his military and medical records with him. Foster did appear at the trial but did not bring any records because he thought they were to be used for another trial.

The defendant claims that he was denied his right to a full and fair confrontation and cross-examination since Foster's records were not produced at trial. Foster was extensively cross-examined by defense counsel as to both his military and civilian drug problems and trouble with the law. Foster testified that his discharge from the Armed Services was not because of a drug problem. However, the defendant now alleges that Foster's records would have shown he was lying when he gave this response and that the absence of the impeaching records denied him his right to a fair trial.

We are not persuaded by defendant's argument, since it is clearly established that only a total denial of cross-examination on an area concerning a witness's credibility will amount to a constitutional denial of the right to cross-examination. *Brooks v. State,* (1973) 259 Ind. 678, 291 N.E.2d 559; *Thomas v. State,* (1977) Ind. App., 360 N.E.2d 1006; *Borosh v. State,* (1975) 166 Ind.App. 378, 336 N.E.2d 409. Any less than a total denial of cross-examination is viewed as within the discretion of the trial court to regulate the scope of cross-examination. *Brooks v. State, supra.*

In the instant case, the cross-examination clearly brought out to the jury that Foster had been a heroin addict and had committed theft on a number of occasions to support his one hundred dollar a day habit. He admitted that charges had been filed against him for possession of drugs. We therefore conclude that there was no abuse of discretion in allowing the trial to continue in this case without the missing documents in light of the substantial amount of cross-examination testimony on Foster's drug history and trouble with the law.

## II.

After the trial, the judge ordered an investigation upon reports of possible jury misconduct. The controversy concerned the alleged potential prejudice toward drug dealers of one juror, Harold Hamrick. One of the witnesses in the case had known Hamrick as a fellow worker at International Harvester and claimed he had talked to Hamrick about the case before the trial. He said that Hamrick stated at that time that he would "burn" anyone charged with drug dealing if he became a juror. These claims were unsupported since Hamrick denied ever making such a statement. Hamrick also stated that he did not know during voir dire that his fellow worker would be a witness and that his vote had been impartial. The defendant now alleges that there was sufficient proof of the juror's potential prejudice to show that he had been denied a fair trial by an impartial jury.

Our rules place the burden upon the petitioner to establish his grounds for relief by a preponderance of the evidence. Rule PC 1 § 5; *Colvin v. State*, (1975) 262 Ind. 608, 321 N.E.2d 565; *Payne v. State*, (1973) 261 Ind. 221, 301 N.E.2d 514. The contradicted statements of one witness do not meet the burden of supporting the claim of jury misconduct in the instant case since there was no other corroboration.

## III.

During the post-conviction hearing, the petitioner raised the issue of the competency of his trial counsel. He cited several examples of alleged inadequacy in the conduct of his defense. These included allegations that the counsel, despite a chest cold, refused to ask for a continuance, that he erred in not having Harold Hamrick stricken as a juror on the basis of potential prejudice, that he failed to interview a witness prior to trial, and that he failed to object at times during the trial.

It has long been established that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Jones v. State*, (1978) Ind., 387 N.E.2d 440; *McFarland v. State*, (1978) Ind., 381 N.E.2d 1061. Incompetency of counsel revolves around the particular facts of each case and the actions or inactions of the attorney must have made the proceedings a mockery of justice before incompetence will be found. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Cottingham v. State*, (1978) Ind., 379 N.E.2d 984; *Dull v. State*, (1978) Ind., 372 N.E.2d 171.

The record shows that the defense counsel conducted an adequate pretrial investigation, filed several pretrial motions, conducted extensive cross-examination of the state's witnesses, and put on a lengthy case in chief on behalf of defendant. The instances where counsel did not object, did not interview a witness before trial, and did not ask for a continuance are disputes over strategy and tactics and do not support petitioner's claim of ineffective assistance of counsel.

## IV.

The petitioner's mother testified on direct examination that she was not getting along well with her son at that time but had been getting along well with him at the time of the alleged crime. During cross-examination, the prosecutor further explored this relationship and elicited from Mrs. Rinard that her son had made threats against her but that these were related to an estate

matter and had nothing to do with the instant case.

The petitioner argued at the post-conviction hearing that the action by the prosecutor in eliciting this testimony was improper and constituted an evidentiary harpoon since the threats were irrelevant to the instant case. He claimed that this misconduct denied him a fair trial. The trial court found that this issue had been waived since it was reviewable on direct appeal but had not been brought up at that time.

The petitioner now contends that the issue of waiver must be raised by the state before the post-conviction court can consider it. While the burden to raise the issue of waiver in post-conviction proceedings is normally on the state, *Langley v. State,* (1971) 256 Ind. 199, 267 N.E.2d 538, it is clear that a post-conviction court may judicially notice a prior opinion and the fact that certain appealable issues have been waived. *Winston v. State,* (1978) Ind., 372 N.E.2d 183. Where the court refuses to address an improperly raised issue on the merits and makes a finding of waiver, there is no requirement for the state to file cross-error to preserve the issue of waiver.

The petitioner also contends that the ineffective assistance of counsel is a mitigating circumstance for his failure to pursue this issue of alleged prosecutorial misconduct on direct appeal and that we should consider this issue on its merits for that reason. *Langley v. State, supra.* Since we have already found that there was effective assistance of counsel in this case, there is no substantial basis for petitioner having failed to raise this issue on direct appeal.

### V.

The petitioner also raises the sufficiency of the chain of custody of the packet of cocaine which was bought from him by the informant, Foster, and admitted into evidence at his trial. This issue was raised on direct appeal, but petitioner now claims that our prior opinion focused only on the actions of the police officials and did not focus on the informant's conduct and opportunity. *Rinard v. State, supra.* There is no

merit to this contention since it is clear that although our prior opinion talked mostly of the police officer's actions, we did thoroughly consider the issue of the chain of custody. Such a prior review and determination of an issue makes that issue res judicata. *Frasier v. State,* (1977) Ind., 366 N.E.2d 1166; *Layton v. State,* (1974) 261 Ind. 567, 307 N.E.2d 477. The post-conviction court correctly refused to consider this issue on its merits.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.