Walter G. LINE, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 679S169.

Supreme Court of Indiana.

Dec. 19, 1979.

Harriette Bailey Conn, Public Defender, R. Davy Eaglesfield, III, Sp. Asst. Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Richard A. Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Walter G. Line, was convicted by a jury of first-degree murder in March, 1961, and was sentenced to life imprisonment. Although defendant did not immediately file a direct appeal, seventeen years later in October, 1978, defendant filed a Petition for Permission to File a Belated Motion to Correct Errors. This was granted and the trial court considered the motion and subsequently denied it. Defendant now appeals and raises the single issue he raised in his Belated Motion to Correct Errors which is that his conviction must be reversed because he was denied effective assistance of counsel.

A summary of the facts from the record most favorable to the state shows that defendant and an accomplice, Jay Dull, were both charged with the murder of a cab driver, James Tricker. They were tried jointly with defendant receiving a life sentence and Dull receiving the death penalty. The bases of the convictions were voluntary confessions which both men gave to officers of the Muncie Police Department. Dull appealed immediately and his conviction was upheld by this Court, *Dull v. State*, (1962) 242 Ind. 633, 180 N.E.2d 523, *cert. denied*, (1962) 371 U.S. 902, 83 S.Ct. 206, 9 L.Ed.2d 164. He later filed a petition for post-conviction relief which was denied as to all specifications except one, under which the court reduced the death sentence to life imprisonment. This Court affirmed the trial court's actions on the post-conviction petition in *Dull v. State*, (1978) 267 Ind. 549, 372 N.E.2d 171.

First, defendant asks this Court to abandon the "mockery of justice" standard for determining the adequacy of counsel. We have repeatedly affirmed this standard as modified by the "adequate legal representation" standard of *Thomas v. State*, (1969) 251 Ind. 546, 242 N.E.2d 919. Recent cases reflect our steadfastness in this regard. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115; *Merida v. State*, (1979) Ind., 383 N.E.2d 1043; *Cottingham v. State*, (1978) Ind., 379 N.E.2d 984. We see no compelling reason to modify this standard since it does insure that criminal defendants receive competent legal counsel which meets a minimum professional standard. See *Smith v. State*, (1979) Ind., 396 N.E.2d 898, where a conviction was reversed on the basis of ineffective assistance of counsel.

Defendant is correct in pointing out that incompetency of counsel revolves around the particular facts of each case.

*Jones v. State*, (1978) Ind., 387 N.E.2d 440. It is his contention that the actions and inactions of his counsel in two specific instances demonstrate that he received inadequate legal representation.

█ The first instance defendant points to was during the trial when he was placed on the stand to testify in his own behalf. He was questioned by his counsel about his previous troubles with the law. These questions and answers revealed that he had been in trouble numerous times which had resulted in his incarceration in the Boys School and the Reformatory, but that none of the previous crimes had been as serious as murder. Dull's counsel followed a similar strategy with Dull when he was placed upon the stand. Both men also testified to the voluntariness of their confessions.

Defendant now contends that this line of questioning about his past conduct served no other purpose than to prejudice the jury against him and demonstrated that the performance of his counsel was inadequate. However, the state points out that this appears to be part of a strategy on the part of both defendant's and Dull's counsel to avoid the death penalty for their clients which was then in effect under the first-degree murder statute.

█ It is well settled that it requires strong and convincing evidence to rebut the presumption that counsel has been competent. This Court will not second-guess tactics or strategy of a particular attorney in a particular case. *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Cottingham, supra; Roberts v. State*, (1977) 266 Ind. 72, 360 N.E.2d 825. As we have said before:

"Mere allegations of omissions, unsupported by the record, and speculation as to what might or might not have been more beneficial to the defendant do not present issues susceptible to review." *Kerns v. State*, (1976) 265 Ind. 39, 43, 349 N.E.2d 701, 704.

█ Defendant also points to a second instance of the alleged inadequacy of his counsel which was that his counsel failed to object to the prosecutor's closing argument. He claims that the argument was improper, unduly prejudicial and was calculated to inflame the passions of the jury. The prosecutor first referred to the pregnant wife of the victim and then specifically pleaded for the death penalty. He said that the jury should set an example and put people on notice "that if you come to Delaware County and kill somebody, get ready for this final and complete and ultimate penalty." There was no objection to these remarks by either defendant's or Dull's counsel. We cannot say that this failure to object at this one point was enough to show ineffective assistance of counsel under the circumstances of the whole case. *Laird v. State, supra; Cottingham v. State, supra.*

We have long held that when instances of prosecutorial misconduct are alleged this Court must consider whether the misconduct, under all the circumstances, placed the defendant in a position of grave peril to which he should not have been subjected. *Washington v. State*, (1979) Ind., 390 N.E.2d 983; *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. Regardless of whether or not the prosecutor's remarks were improper, we cannot say that the defendant was placed in a position of grave peril considering the undisputed evidence of defendant's participation in the crime and the fact that he was ultimately given a life sentence and not the death penalty by the jury. Looking at the record of the case as a whole, we do not find that defendant has met his burden of proving ineffective assistance of counsel.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.