David T. ERICKSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1081S305.

Supreme Court of Indiana.

Aug. 6, 1982.

James L. Kiely, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Robbery While Armed. The information was

amended shortly thereafter with an additional count seeking enhancement under the habitual offender statute of any sentence imposed upon conviction on the robbery count. Appellant was convicted and found to be an habitual criminal. He received a sentence of ten years on the robbery count. Said sentence was enhanced by the mandatory thirty year term as called for in the habitual offender statute.

Appellant first claims the trial court erred in denying his Motion to Dismiss the habitual offender count. This error is premised on a variety of grounds, which we shall undertake to treat separately.

First, appellant contends the manner in which the habitual offender charge was filed was defective, in that it failed to apprise him of the nature of the charge with sufficient certainty for him to distinguish it from other possible violations. He also asserts this confusion as to the nature of the charge was enhanced by the fact the court required him to be arraigned and enter a plea on that count of the information.

The document used by the State in bringing the habitual offender charge is captioned "Information for Count II Habitual Criminal." In the body of the document it is asserted "that David T. Erickson is an Habitual Offender." Further, the document states, "The Defendant, David T. Erickson, has accumulated at least two (2) prior felony convictions unrelated to the . felonies charged in Ct. I . . . ."

There is a recital of three prior felony convictions in courts in Vanderburgh County. In each instance the crime, cause number, and the dates of conviction and sentencing are recited. A fourth felony conviction in a Kentucky court is recited, including the name of the court, the specific charge and the conviction and sentencing dates.

This Court has stated:

"A defendant in a criminal trial is entitled to be informed specifically of the crime or crimes with which he is charged so that he may be able to intelligently prepare a defense. (Cites omitted.) In determining whether an affidavit states the alleged offense with sufficient clarity the words of the affidavit must be construed in a manner in which they are commonly and ordinarily accepted." *Dorsey v. State*, (1970) 254 Ind. 409, 412–13, 260 N.E.2d 800, 802–03.

■ We can hardly believe the defendant in this case was left in a state of confusion as to the charge denominated in the information as Count II. We have held the information must state a claim in the language of the statute or in words that convey a similar meaning. *Heflin v. State*, (1977) 267 Ind. 427, 370 N.E.2d 895. In the information in this case we see several phrases taken almost verbatim from I.C. § 35–50–2–8 [Burns 1979 Repl.]. The whole tenor of the information is such that, given its allegations of fact and construing its terms "in the manner in which they are commonly and ordinarily accepted," it is difficult to imagine how the defendant could have failed to understand what the State was trying to do when it filed the amending information. We hold there was no error in denying the Motion to Dismiss on the grounds the information was insufficient to inform the defendant of the nature of the charge.

We also do not see how arraigning appellant on the habitual offender charge and requiring him to enter a plea on that count of the information could have confused him as to the nature of the charge against him. This is the kind of technical or trivial error which we hold does not require reversal. *See, e.g., Taylor v. State*, (1981) Ind., 420 N.E.2d 1231.

■ Next appellant claims the trial court erred in not dismissing the habitual offender count because the statute, I.C. § 35–50–2–8 [Burns 1979 Repl.], is unconstitutional. First, he contends the habitual offender statute contravenes the Eighth Amendment to the United States Constitution, and Article 1, § 18 of the Indiana Constitution. Appellant presents no persuasive argument in this regard. We have rejected these arguments in the past. *See, Funk v. State*, (1981) Ind., 427 N.E.2d 1081; *Ferguson v.*

*State*, (1980) Ind., 405 N.E.2d 902; *Wise v. State*, (1980) Ind., 400 N.E.2d 114.

■ Appellant next contends the statute is unconstitutional because it is an *ex post facto* law. His arguments addressed to this contention were fully dealt with in *Funk, supra*.

■ Appellant next argues the statute is in contravention of the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, but we are unable to discern a cogent argument on this point. At one point in his brief appellant does refer to an alleged deficiency in the statute in that it does not permit consideration of mitigating factors. He states this "violates the equal protection law." However, there is no further development of this argument, and we deem it waived under Ind.R.App.P. 8.3(A)(7).

With respect to appellant's assertion concerning the failure of the habitual offender statute to consider mitigating circumstances, we discern no legitimate argument. The statute does in fact make one provision for mitigating circumstances in that it provides that the sentencing court may reduce the mandatory thirty year term by as much as twenty-five years if the defendant was discharged from the probation, imprisonment, or parole imposed for the last of the prior convictions more than ten years before the date of the present offense.

Beyond this particular application of a mitigating circumstance, it seems to us consideration of any other factor as a mitigating circumstance would be contradictory to the purpose of the statute. We have stated: "The purpose of the [habitual offender] statute is to more severely penalize those persons that prior sanctions have failed to deter from committing felonies. (Cite omitted.) The punishment is harsh because the offender is an habitual offender." *Bernard v. State*, (1967) 248 Ind. 688, 694, 230 N.E.2d 536, 540. Given the purpose of the statute, where the defendant has been released from probation, parole, or imprisonment less than ten years ago and has nonetheless committed yet another felony, to

reduce the sentence due to the presence of mitigating circumstances would seem to work at cross-purposes with the statute. It is patently obvious such a defendant has not been deterred in his commission of felonies and is hardly deserving of a reduction in his sentence.

Appellant claims the trial court erred in overruling his "Motion to be Relieved of the Order in Limine." The State had made a Motion in Limine to have the defendant prohibited from making any reference to the length of the sentence enhancement under the habitual offender statute in the presence of the jury. The motion was granted, and appellant made his motion to, in effect, overrule the granting of the State's motion.

■ We have held it is error to instruct the jury as to the penalty involved upon conviction under the habitual offender statute. *State v. Williams*, (1982) Ind., 430 N.E.2d 756; *Griffin v. State*, (1981) Ind., 415 N.E.2d 60. This is because under our present statutory scheme the jury is to play no role in sentencing defendants. I.C. § 35–50–1–1 [Burns 1979 Repl.]. Therefore to instruct them as to penalties is to invite the jury to make a judgment as to the fairness of the statute, a matter wholly outside their purview. *State v. Williams, supra; Griffin, supra. See also, Craig v. State*, (1979) Ind., 398 N.E.2d 658; *Garcia v. State*, (1979) Ind., 394 N.E.2d 106; *DeBose v. State*, (1979) Ind., 389 N.E.2d 272. The granting of the State's Motion in Limine was a correct ruling. There was no error in denying appellant's motion.

Appellant claims the trial court erred in refusing to give his Tendered Instructions No. 1 and 3. The gist of these two instructions is that the jury should acquit appellant of the charge under the habitual offender statute if they believe he can be reformed during the time he will spend in prison for his conviction on the armed robbery count. Appellant urges this statement is a correct statement of the law as reflected in Article 1, § 18 of the Indiana Constitution, which provides: "The penal code shall be founded on principles of reformation, and not of vindictive justice."

In *Denson v. State*, (1975) 263 Ind. 315, 330 N.E.2d 734, we considered an argument that it was erroneous to refuse an instruction restating Article 1, § 18 of the Constitution. We held such an instruction should not be given:

> "[T]he jury is, in fact, confined to the existing law of the State in making a determination in a criminal case. It was never intended that the legislative prerogative to define crime be extended to the jury. The admonition found in Article 1, § 18 of the Constitution as above quoted, is an admonition to the legislative branch of the government and is addressed to the public policy which that body is admonished to follow in formulating the penal code. Thus, although Appellant's tendered Instruction No. 5 is a correct statement of the law, it is inapplicable as an instruction to a trial jury. Such an instruction would most likely mislead and confuse the jury as to its prerogative in applying the law to the facts in question." *Id.* at 320, 330 N.E.2d at 737.

 The reformation of convicted felons is a matter to be considered by the legislature in drafting the penal code. Reformation is not a matter for the jury to be concerned with at all. An instruction that implies the jury should consider the matter of the reformation of the person convicted is erroneous and should not be given.

Appellant claims the trial court erred in refusing to give his Tendered Instruction No. 2. The instruction reads:

> "If you find that David T. Erickson is a drug addict and that all of his previous convictions have been directly related to his continuous drug addiction, then you should find him not to be a habitual criminal."

Appellant claims the language in the statute "a person has accumulated two [2] prior unrelated felony convictions," I.C. § 35–50–2–8 [Burns 1979 Repl.], requires that the prior felonies be of an entirely different type of crime. We certainly do not interpret the statutory language in that manner. The term "unrelated felony" does not mean a felony of unlike kind, but must be interpreted to mean a felony not related to the instant felony in the sense that it is not connected to it as part of the *res gestae* of the instant crime. To hold as appellant would have us hold in this case is to put a ludicrous and strained interpretation upon the language of the statute.

The trial court is in all things affirmed.

All Justices concur.