Johnny Albert DEBOSE, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 882S318.

Supreme Court of Indiana.

June 29, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Johnny Albert Debose, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of robbery and was sentenced to a term of imprisonment of forty years. His conviction was affirmed by this Court in *Debose v. State,* (1979) 270 Ind. 675, 389 N.E.2d 272. He now raises the single issue of whether he was denied his constitutional right to the effective assistance of counsel where trial counsel did not tender an instruction on self-defense.

A summary of the facts relevant to this issue shows that the victim testified at trial that he had just hung some coats up inside his front door when he was hit by defendant. Defendant beat the victim with fists, a pistol and bottles, and took $380 from him. The victim suffered a skull fracture, a broken wrist, a facial bone fracture, and cuts about the head. At the post-conviction hearing, the court found that there was a significant disparity in size between the victim and defendant; the victim was thirty years older, sixty pounds lighter and about a head shorter than defendant. The court found that this "glaring" disparity in age and physical characteristics could have been a major factor in the trial counsel's strategy decision not to pursue the theory of self-defense by tendering an instruction.

Defendant's version of the incident was that he had paid the victim $61 on the day of the incident as a deposit for rent on an apartment, but when he learned the apartment was already rented, he demanded that the $61 be returned. He claimed that the victim refused to return the money and attacked him. A fight followed wherein defendant struck the victim in self-defense and took only his own money. At the post-conviction hearing, trial counsel testified that he could not recall why he had decided not to tender an instruction on self-defense.

We find no error in the trial court's judgment in this case. Defendant's case is governed by two well-settled principles. First, the burden of proof in post-conviction proceedings rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Cobbs v. State,* (1982) Ind., 434 N.E.2d 883; *Laird v. State,* (1979) 270 Ind. 323, 385 N.E.2d 452. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Johnson v. State,* (1980) Ind., 406 N.E.2d 1170; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984.

Next, regarding competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Rinard v. State,* (1979) Ind., 394 N.E.2d 160; *Jones v. State,* (1978) 270 Ind. 141, 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case, the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Crisp v. State,* (1979) Ind., 394 N.E.2d 115; *Cottingham v. State, supra.*

In this case, there was evidence that defendant robbed the victim of $380 in addition to beating him. Our statute specifically provides that self-defense is not applicable if a person is committing a crime or is escaping after the commission of a crime. Ind.Code § 35–41–3–2(d)(1) (Burns 1979 Repl.). Although defendant gave some conflicting testimony about only taking the money that was his, it was up to the jury to weigh this conflict in the evidence. There was sufficient evidence to support the jury's determination that there was a robbery and a claim of self-defense could not be applied as a defense to that crime.

Furthermore, even if there had been no robbery, the claim of self-defense was not supported by a comparison of the physical characteristics of defendant and the victim. It is error for the trial court to instruct the jury upon principles of law not applicable to the evidence and not involved in the case. *Begley v. State,* (1981) Ind., 416 N.E.2d 824; *McDonald v. State,* (1975) 264 Ind. 477, 346 N.E.2d 569. We find the failure to tender an instruction on self-defense was not evidence of incompetency of counsel and did not prejudice defendant in any manner.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.