**Roger PARRISH, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 782S257.

Supreme Court of Indiana.

Sept. 20, 1983.

Lindsay P. Schneider, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Roger Parrish, was convicted by a jury of theft, a Class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.) and of being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.) and was sentenced to the Indiana Department of Correction for a period of thirty-two years. His direct appeal raises the following seven issues:

1. Whether the trial court erred in overruling defendant's "Motion to Dismiss and/or Motion to Strike" relating to the habitual offender charge;

2. Whether the trial court erred in admitting documentary evidence not provided to the defendant in the course of discovery;

3. Whether the evidence is sufficient to support a finding of habitual offender status;

4. Whether the trial court erred in ruling that the defense counsel opened the door to cross-examination of a defense witness as to defendant's prior criminal record;

5. Whether the evidence is sufficient to support the conviction;

6. Whether the verdicts of guilty of theft and not guilty of burglary are inconsistent and contrary to law; and

7. Whether defendant was denied his constitutional right to the effective assistance of counsel.

A review of the facts most favorable to the state reveals that at 7:00 p.m. on March 4, 1979, Clarence Stoddard discovered that his apartment had been entered and certain belongings removed from the premises. The items taken included some prescription codeine and stereo equipment. The specific stereo components were a turntable, an amplifier, and a set of speakers.

Earlier that day a neighbor of Stoddard, Mrs. Christine Price Marrs, saw defendant and another individual carrying some "stuff" out of Stoddard's apartment. She indicated that both men acted as if they had been drinking. After leaving Stoddard's apartment, the defendant came home with the stereo.

The next day, April 23, 1979, David Summitt went to defendant's home to look at the stereo. He had been told that defendant had a stolen stereo. Summitt wanted to inspect the stereo because two days earlier he had a stereo stolen from his home. After Summitt realized that the stereo was not his, he told defendant that he would tell the police about the stereo unless defendant agreed to return it to its rightful owner. Defendant never responded and left home without indicating what he planned to do with the stereo. After defendant left the house, his girlfriend, Faith Dewar, told Summitt that the stereo belonged to Clarence Stoddard. They attempted to return the stereo to Stoddard but were unable to do so because he was not home at the time. Summitt eventually turned the stereo in to the State Police who identified the turntable and amplifier as belonging to Clarence Stoddard. The speakers were found to belong to another person and defendant was not charged in connection with these.

### I.

Defendant first contends that the trial court erred in overruling defendant's motion to dismiss and/or motion to strike relating to the habitual offender charge. He alleges that the information charging habitual criminality is inadequate in two respects. First, that the charging information fails to identify the proper court within which he was convicted. Second, that the charging information fails to allege that the prior felonies are unrelated. Defendant urges that absent this information, the charging instrument did not adequately advise him of the charge and therefore he could not prepare a proper defense. There is no merit to this claim.

■ While the habitual offender charge is not a separate offense under the penal code, it is subject to the rules governing charging of criminal offenses. *Anderson v. State,* (1982) Ind., 439 N.E.2d 558. In *Griffin v. State,* (1982) Ind., 439 N.E.2d 160, this Court stated:

"[T]he allegations of habitual criminal must contain all of the procedural matters and safeguards of the original and underlying charges in that they are brought by sworn affidavit contained in an information and endorsed by the prosecuting attorney, *setting out the facts sufficient and adequate for the defendant to defend himself and giving the defendant an opportunity to plead to such allegations.*

*Id.* at 165 (emphasis added).

■ Here, the state filed its notice and information on July 10, 1980, well in advance of September 2, 1980, the date of the habitual offender hearing. The notice alleged that the prior felonies upon which the state would rely were unrelated. Though the information does not reiterate this allegation, it does state the three specific prior felony convictions, the counties in which defendant was convicted, the sentences given, and the penal institutions where defendant was committed. In fact, the first prior felony cited in the information is the only one in which the particular court in Owen County is not clearly specified. Defendant argues that he could not prepare an intelligent defense merely because the information fails to note the words "Circuit Court" in the first felony cited and the word "Court" in the third felony cited. We disagree.

As in *Erickson v. State,* (1982) Ind., 438 N.E.2d 269, we do not believe defendant here was left in doubt as to the nature of the charge or the identity of the court. We find that the notice and charging information did adequately notify the defendant and properly brought the issue of habitual offender status before the court and jury.

### II.

Defendant next contends that the trial court erred in admitting certain documents not provided to the defendant in the course of discovery. The specific documents relate to the bifurcated habitual offender hearing and reveal defendant's prior felony convictions. Defendant argues that the documentary evidence should have been excluded due to a violation of discovery orders he claims occurred when the state did not pro-

vide him copies of the documents. However, the record here shows that defendant's argument is based on an inaccurate reading of the discovery order. There was no order requiring the state to give documents to the defense. Rather, the court's order was for the state merely to "open its file" to defendant's counsel. Defendant makes no allegation that the state failed to do so.

The trial court is given wide discretion in discovery matters and absent clear error, its rulings will not be overturned. *Harris v. State,* (1981) Ind., 425 N.E.2d 112. Here there was no abuse of discretion on the part of the trial court since it appeared that there was not a withholding of evidence by the state. The court did not err in admitting the documents into evidence.

### III.

Defendant also argues that the evidence is insufficient to support the jury's finding of habitual offender status because the state failed to prove that the prior felony convictions were unrelated.

It is well established that, on appeal, this Court will neither reweigh the evidence nor judge the credibility of the witnesses but will only look to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the trier of facts, and conclusion, the judgment will not be disturbed. *Garland v. State,* (1983) Ind., 444 N.E.2d 1180; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986.

Here the record shows that the state introduced fingerprint evidence identifying the defendant as a person who had served time on a 1972 larceny conviction and a 1974 burglary conviction. Defendant was sentenced to terms of one to ten years for the 1972 offense and two to five years for the 1974 offense. The convictions occurred about twenty months apart. Defendant argues that the time differential between the convictions is not dispositive of whether the

crimes were unrelated. The separate convictions and sentences, along with the time difference, provide a basis from which the jury could reasonably infer that the prior crimes were unrelated. The record also contains sufficient evidence that defendant was convicted of two separate crimes. There was no trial court error here.

### IV.

Defendant obtained an order *in limine,* prohibiting mention of his prior criminal conduct. However, during the defense's case, the trial judge ruled that defense counsel opened the door to cross-examination of a defense witness as to defendant's prior criminal conduct. Defendant now contends that this was reversible error.

In direct examination of defendant's father, defense counsel asked questions about defendant's high school attendance, his employment record, and whether he supports his common-law wife, Faith Dewar. After eliciting testimony about defendant's high school record, defense counsel asked "Now tell us what he's done since then?" In cross-examination of the witness the state asked a question about defendant's criminal conduct since high school. Defendant objected. The trial judge overruled the objection and held that defense counsel's line of questioning in direct examination placed defendant's character in issue. Therefore, in the trial judge's opinion, the state's questions about defendant's criminal conduct since high school were permissible.

As this Court stated in *Bond v. State,* (1980) Ind., 403 N.E.2d 812:

> "[W]hen the accused himself offers evidence of his character ... he opens the door to the subject of his character for the trait placed in issue, and the State can introduce evidence of specific misconduct to depreciate the weight of the evidence presented by the accused; and this is true, even though such evidence may incidentally impute to him other guilt."

*Id.* at 818.

The purpose of the state's cross-examination here was not to prejudice the jury with

the information that defendant had a criminal record; rather, it was to show the weakness underlying the father's testimony that defendant had a record showing good character.

■ Evidentiary rulings are within the sound discretion of the trial judge and, absent clear error, the ruling will not be disturbed on appeal. *Robertson v. State,* (1974) 262 Ind. 562, 319 N.E.2d 833. We find no abuse of discretion here.

### V.

■ Defendant alleges that the evidence is insufficient to support the conviction of the underlying crime. He claims that there is no evidence that defendant knowingly or intentionally exerted unauthorized control over the property with the intent to deprive the owner of its value or use.

It is well established that, on appeal, this Court will neither reweigh the evidence nor judge the credibility of the witnesses but will look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the jury's conclusion, the judgment will not be disturbed. *Garland v. State,* (1983) Ind., 444 N.E.2d 1180; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986.

Here, the evidence is uncontroverted that Clarence Stoddard's stereo turntable and amplifier were taken from his house without his permission. The next day Summitt found the stereo at defendant's house. He then confronted defendant and urged him to return the stereo to Stoddard. Significantly, the defendant never voiced any intention of returning the property. Rather, he left the house with his parents without taking any action with respect to it. Moreover, the state introduced uncontroverted evidence that defendant varnished the speakers the day after he took them. Though defendant was not charged with theft of the speakers, his action with respect to them remains significant because he thought they also belonged to Stoddard. It was reasonable for the jury to infer from these facts that defendant did not intend to return the property. There was no reversible error.

### VI.

Defendant next contends that the jury's verdicts of guilty of theft and not guilty of burglary are contradictory, inconsistent, and repugnant to law. He alleges that no rational basis exists for the jury's verdicts. There is no merit to this claim.

■ This Court has looked and will continue to look at verdicts to determine if they are inconsistent. But perfectly logical verdicts should not be demanded, and only extremely contradictory and irreconcilable verdicts warrant corrective action by this Court. *Herman v. State,* (1979) Ind., 397 N.E.2d 978; *Marsh v. State,* (1979) 271 Ind. 454, 393 N.E.2d 757.

■ Here the jury's verdicts are not irreconcilable. Although the jury could not find all the necessary elements on the burglary charge, they could have inferred from the evidence of defendant's inaction that he intended to keep the stereo and thereby deprive Stoddard of its use or value. There is no reversible error here.

### VII.

Defendant finally contends that he was denied his constitutional right to effective assistance of counsel. He bases this allegation on the following facts: (1) that counsel did not inspect the documentary evidence in the prosecution's possession relating to the habitual offender charge; (2) that at the sentencing hearing counsel referred to his side as "the state" and the other side "as the defendant" on eight occasions; (3) that counsel opened the door to evidence of defendant's criminal record in questioning defendant's father on direct examination.

■ Regarding competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Hollonquest v. State,* (1982) Ind., 432 N.E.2d 37; *Lindley v. State,*

(1981) Ind., 426 N.E.2d 398; *Jones v. State,* (1978) 270 Ind. 141, 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Darnell v. State,* (1982) Ind., 435 N.E.2d 250; *Crisp v. State,* (1979) 271 Ind. 534, 394 N.E.2d 115; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984. Deliberate choices made by counsel for some contemplated tactical or strategic reason do not establish ineffective assistance of counsel. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Morris v. State,* (1980) Ind., 409 N.E.2d 608; *Hollon v. State,* (1980) Ind., 398 N.E.2d 1273.

Here, an examination of the record discloses that although counsel might not have inspected the state's file before trial, he showed in examining witnesses that he had full knowledge of such information. The defendant was not substantially harmed here.

As for counsel's reference to his side as "the state" and the other side as "the defendant," we do not agree that this shows necessarily a lack of preparedness or confusion. Counsel had recently concluded his position with the prosecutor's office. As the trial judge noted, this slip of the tongue is not an uncommon occurrence in his courtroom.

Finally, defendant argues that counsel inadvertently opened the door to evidence of his criminal record and that this amounts to the denial of effective assistance of counsel. While introducing evidence of defendant's good character might have been poor tactics, we have consistently held that we do not second-guess counsel's tactical decisions. Instances of isolated poor strategy or bad tactics do not necessarily amount to ineffective assistance of counsel. *Morris v. State, supra; Cottingham v. State, supra.*

Looking at the total circumstances of the trial, we find no strong and convincing proof that counsel failed to discharge his duty fully.

For all of the foregoing reasons, there was no reversible error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs and dissents with opinion.

DeBRULER, Justice, concurring and dissenting.

The prosecution bears the burden of proving beyond a reasonable doubt in an habitual offender phase of a trial that the defendant "accumulated two prior unrelated felony convictions", Ind.Code § 35–50–2–8(a). Two convictions are "unrelated" where there is no connection between their res gestae. *Erickson v. State,* (1982) Ind., 438 N.E.2d 269. It is furthermore apparent from subsections (a) and (b) that the two prior convictions relied upon by the prosecution must not only be unrelated to the crime upon which the defendant has just stood trial and been found guilty, but must themselves be unrelated. According to the evidence relied upon by the majority, we only know that the prior convictions were for theft and burglary and occurred twenty months apart. To me the probative value of this lone evidence is insufficient to warrant a reasonable trier of fact in inferring their unrelated character beyond a reasonable doubt. There is nothing in the nature of the two substantive offenses and the fact that the trial and conviction of the two were separated in time by twenty months that warrants the necessary inference of unrelatedness. I would reverse the finding on habitual offender and remand for resentencing.