Joseph JONES, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–583A155.

Court of Appeals of Indiana, Third District.

Jan. 3, 1984.

---

Nathaniel Ruff, Lasser, Salberg & Ruff, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Joseph Jones was convicted of burglary, a class C felony, pursuant to IND.CODE § 35–43–2–1 and received a five-year sentence. In appealing his conviction, Jones raises the sole issue of whether there was sufficient evidence to sustain the conviction for burglary. More specifically, Jones argues that the trial court applied the wrong legal standard to the intent element in opposition to Jones' defense of intoxication.

Burglary is defined in IND.CODE 35–43–2–1, which reads in pertinent part:

> "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony."

Jones' defense was premised on IND. CODE § 35–41–3–5(b) which states:

"(b) Voluntary intoxication is a defense only to the extent that it negates an element of an offense referred to by the phrase 'with intent to' or 'with an intention to.'"

As in all appeals which challenge the sufficiency of the evidence, our standard of review in this case is clear. This Court will not weigh the evidence or judge the credibility of witnesses. We will look only to the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. When the evidence presented is circumstantial in nature, it is only necessary that an inference reasonably tending to support the finding of guilty can be drawn from the evidence. Conflicts in the evidence are to be resolved by the trier of fact, who may believe whomever it wishes. Where there is substantial evidence of probative value to support the conclusion of the trial court, the conviction will not be overturned. *McCraney v. State*, (1983) Ind., 447 N.E.2d 589; *Williams v. State*, (1982) Ind., 433 N.E.2d 769.

The facts viewed in this light reveal that on June 17, 1982, Mose Roberts, the owner of the Boardwalk Apartments in Gary, Indiana, discovered that the building had been broken into. A window had been broken out, light fixtures were smashed, and a gas stove and gas water heater had been removed. The next morning, a woman living in a second floor apartment in the building heard banging noises and alerted the police. After the police left, she noticed a refrigerator sitting in the first floor hallway of the building. When Roberts arrived, he noticed a cardboard box, which had been placed in the broken-out window, had been removed. He also observed that the refrigerator had been moved from the middle of the living room into the hallway.

Officer James Bogard of the Gary Police Department and his partner arrived at the apartment building around 9:15 A.M. In addition to the damage previously mentioned, the policemen discovered two men hiding in the second floor hallway. The younger of the two men, Jones, did all of the talking. When asked why they were in the building, Jones responded that he was working for the caretaker and that the caretaker had wanted him to remove the items from the apartment. However, Jones was unable to identify the caretaker. Bogard testified that Jones appeared to be intoxicated and he placed him under arrest for public intoxication. Jones had on his person two red pipe wrenches, a Black & Decker screwdriver, an open half-pint of vodka, and a marijuana cigarette.

Jones claims that the trial court applied an improper standard to his intoxication defense by stating that Jones would have had to have been almost comatose to escape the requisite intent for burglary. The trial court made this statement while explaining that simply because Jones was arrested for public intoxication, it does not follow that he was so intoxicated as to negate the required intent for burglary, but that the latter would require a much greater degree of intoxication. In this the trial court is correct.

The law is well settled that voluntary intoxication is no defense in criminal proceedings unless it can be shown that the accused was so intoxicated as to be incapable of forming the specific intent necessary to commit the crime. The burden of proving this defense is on the defendant. The intoxication must be of such a degree as to deprive him of the power to deliberate or form the necessary design or guilty intent. Mere intoxication, in the absence of some mental incapacity resulting therefrom as will render a person incapable of thinking deliberately and meditating rationally cannot be regarded as sufficient. The mental incapacity must render a person incapable of appreciating the wrongfulness of his conduct or of conforming his conduct to the requirements of law in order to be sufficient to relieve one of the responsibility for his acts. So long as the accused is capable of conceiving a design, he will be presumed, in the absence of contrary proof, to have intended the natural consequences of his own acts. *Graham v. State*, (1982)

Ind., 441 N.E.2d 1348; *Norris v. State,* (1981) Ind., 419 N.E.2d 129; *Myers v. State,* (1981) Ind.App., 422 N.E.2d 745.

 In this case there was sufficient evidence to overcome Jones' defense of intoxication. He was found by the police hiding in the building where the refrigerator had been moved, while he was in possession of two pipe wrenches and a screwdriver. He offered an explanation wherein he admitted removing the items for a caretaker whom he was unable to identify. Jones contends he does not remember talking to the police and offered a different explanation at trial for his presence in the building and possession of the tools. However, even being subject to such "blackout" periods is not necessarily sufficient to negate the requisite intent. *Duffy v. State,* (1981) Ind., 415 N.E.2d 715.

 This Court will disturb the determination of the trier of fact only when the evidence is without conflict, leads to but one reasonable conclusion, and the trier of fact reaches a conclusion to the contrary. Here there was sufficient evidence to establish that Jones had control over his own actions despite his claim of intoxication. Jones admits the breaking and entering of the building and there was sufficient circumstantial evidence presented to support a finding that his intent therein was to commit a felony. The evidence was sufficient to sustain the conviction even though Jones was intoxicated at the time the crime was committed. *Anez v. State,* (1980) Ind. App., 408 N.E.2d 1315.

Having found no reversible error, Jones' conviction is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.