Frederick **BRADY**, Appellant (Defendant below),

v.

**STATE of Indiana, Appellee** (Plaintiff below).

No. 183S7.

Supreme Court of Indiana.

May 31, 1984.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Frederick Brady, was convicted by a jury of robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1983 Supp.) and was sentenced to the Indiana Department of Correction for a period of thirty-five years. In this direct appeal, he raises five issues which we have consolidated into the following:

1. Whether the trial court erred in making certain comments and asking one question in the presence of the jury concerning the issue of whether defendant would testify;

2. Whether there was sufficient evidence to support the jury's verdict;

3. Whether there was reversible error because of the prosecutor's comments during the final argument; and

4. Whether defendant was denied the effective representation of counsel.

A brief summary of the facts from the record most favorable to the state shows that the victim, C.B. Crittendon, an elderly gentleman, habitually carried one thousand and twenty dollars with him as a keepsake of his wife, who had had that amount with her when she died. On the afternoon of August 14, 1981, Crittendon was visiting a cousin and showed his money to some people. One of the individuals present was defendant, who was known as "Freddie." Crittendon had been acquainted with Freddie for over two years and later identified him in court as one of the two men who attacked and robbed him. Another individual who was present at the cousin's house testified that defendant had asked him how much money Crittendon had and said that he was going to rob him.

When Crittendon returned home later that afternoon, he was attacked by two men while he was closing his garage door. He recognized that one of the men was defendant, but he did not know the other man. He was hit on the side and shoulders and his collar bone was cracked. The two men held him down on the ground and took the money from his pocket; then they ran off to their car. Crittendon identified defendant from a photographic array and unequivocally identified him at trial as being one of the men who attacked him.

I.

Defendant first contends that the trial court erred in making certain comments

and asking a question in the presence of the jury as to whether defendant would testify. In order to properly determine this issue, it is necessary to consider all the circumstances under which the comments and question were made. At one point during the trial, the court excused the jury and had a discussion with defense counsel about the time it would take for the defense witnesses to testify. The court stated that he did not want to recess until 5:30 p.m. Later, in the afternoon, defendant's second witness concluded testimony at about 5:00 p.m., and counsel indicated that she had other witnesses but they had already left the building. The court then said that it was too early to recess for the day and stated that he would require that the defense call another witness or rest the defense. The following exchange between counsel and the court then took place:

THE COURT: "I am going to require that you either call a witness at this time or rest, Ms. Bowles."

COUNSEL: "Your Honor, at the risk of being in contempt, I have no other witnesses here, and I certainly cannot rest my case."

THE COURT: "Okay. Your client doesn't intend to testify?"

COUNSEL: "It is not my intention to have my client testify."

Defendant did not object to the judge's question, did not move for a mistrial, or request an admonishment at that time but did agree that the court would include the following curative instruction with the final instructions:

"During the trial, the Court does not intend to indicate to you by any of his rulings or comments otherwise, including my question of yesterday as to whether or not the defendant would testify, any opinion as to what facts are proven or not proven by the evidence, and any comments or remarks by the court, or by counsel, including the opening and closing arguments of counsel should not be considered by you as evidence in this case."

Further, the record shows that defense counsel was permitted to continue presenting witnesses the following day and was given ample time to present defendant's complete defense including alibi witnesses.

■ It is a well-settled general rule, as defendant points out, that any comment which is subject to interpretation as a comment upon an accused's failure to testify has been strictly regarded as an impingement of defendant's constitutional and statutory rights not to testify. *Pitman v. State*, (1982) Ind., 436 N.E.2d 74; *Crosson v. State*, (1980) Ind., 410 N.E.2d 1194; *Ross v. State*, (1978) 268 Ind. 471, 376 N.E.2d 1117. However, it is also axiomatic that any alleged error presented to us without a specific objection at trial may be considered only if it was so fundamental that it denied petitioner a fair trial. *Pitman v. State; Pavone v. State*, (1980) 273 Ind. 162, 402 N.E.2d 976.

■ In this case, the court's comments and question were made in the context of a discussion about the scheduling of the defense witnesses and the time the court would recess for the day. Although the court's comments may have been imprudent in showing his displeasure with the fact that defense counsel had not instructed her witnesses to remain in the building after 5:00 p.m., the comments and question were all made within the context of scheduling witnesses. There could have been no inference here that defendant did not have any defense since two of his witnesses had already testified at the time the complained of remarks were made and he did present an alibi defense.

In addition, we find no prejudice to defendant resulting from the court's initial statement that he would force the defense to rest her case if there were no additional witnesses. At this time, the jury was recessed and there was further discussion between the court and counsel for both sides. When the jury was recalled, it was informed that the trial would continue the next day and there would be further evidence presented. Defendant was able to present his entire defense. The court's

final instruction properly admonished the jury not to consider any of his comments or remarks as evidence in the case. Under the circumstances of this case, the court's comments and question did not deny defendant fundamental due process or his right to a fair trial.

## II.

■ Defendant next argues that there was insufficient evidence to support the jury's verdict because he had presented an alibi witness and there was some evidence that the victim had been drinking on the afternoon the robbery occurred. Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McNary v. State*, (1984) Ind., 460 N.E.2d 145; *Tunstall v. State*, (1983) Ind., 451 N.E.2d 1077; *Fielden v. State*, (1982) Ind., 437 N.E.2d 986. A conviction may be sustained by the testimony of a single eyewitness. *Dew v. State*, (1982) Ind., 439 N.E.2d 624; *Pavone v. State*, (1980) 273 Ind. 162, 402 N.E.2d 976.

■ In this case, the victim positively identified defendant as one of the robbers who attacked him. He testified that he had known defendant prior to the robbery and was easily able to recognize him because the sun was shining and he struggled with him at close range. The victim also quickly picked out defendant's picture from a photographic array. In addition, he rebutted defendant's alibi evidence by identifying the alibi witness as the second robber. Any evidence that the victim had been drinking prior to the robbery went to the weight of his testimony which was for the jury to determine. There is no evidence that his testimony was inherently unreliable. The victim's testimony was sufficient evidence to sustain the verdict.

## III.

Defendant next contends that the prosecutor was guilty of misconduct when he referred to the people at the defense table as "stupid." He argues that this comment did not conform to the evidence and was so prejudicial that he should be granted a new trial. However, the record shows that the remarks made by the prosecutor were made in response to defendant's final argument.

It appears that the defense counsel had argued that the state's evidence was not credible because the crime as alleged by the state was a "stupid" crime. The prosecutor responded in final rebuttal argument that the crime was indeed "a really stupid act" and it was "unbelievably stupid that anybody could do that. Those are the people that sit at this desk." There was an objection by both defendant and his counsel and the prosecutor explained that he was not referring to counsel. He further explained that he meant that many individuals who sat in defendant's position had committed stupid crimes, but the fact that a particular crime might be stupid did not make it incredible. He also explained that he didn't mean to cast dispersions on innocent people. The entire argument at this point was a response to the argument of defendant.

■ It is well settled that the conduct of final argument as well as the course of the trial is within the sound discretion of the trial court. *Vanyo v. State*, (1983) Ind., 450 N.E.2d 524; *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202. Our standard for determining the significance of prosecutorial misconduct was thoroughly discussed in *Murray v. State*, (1982) Ind., 442 N.E.2d 1012. We found that the court must determine if, when viewed from the totality of the circumstances of the case, any misconduct placed the defendant in a position of grave peril to which he should not have been subjected. *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312. Here the prosecutor was responding to defense counsel's arguments and fully explained the meaning

of the objected to remarks. We do not find that defendant was placed in a position of grave peril which would necessitate the reversal of his case. There was no abuse of discretion here.

## IV.

 Defendant finally argues that he was denied effective representation of counsel when the cumulative effect of the errors committed by his counsel during the trial are considered. Regarding competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Howell v. State,* (1983) Ind., 453 N.E.2d 241; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Rinard v. State,* (1979) 271 Ind. 588, 394 N.E.2d 160. Incompetency of counsel revolves around the particular facts of each case; the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Crisp v. State,* (1979) 271 Ind. 534, 394 N.E.2d 115; *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective counsel. *Hollon v. State,* (1980) 272 Ind. 439, 398 N.E.2d 1273.

In this case, defendant points to six alleged errors of counsel. Two of these errors were the failure to object and move for a mistrial when the court inquired of counsel whether defendant was going to testify and that the defense would have to rest if there were no further witnesses present. We discussed these circumstances in Issue No. 1 above and found that defendant was not prejudiced because he was allowed to present his complete defense and the court gave an instruction admonishing the jury not to consider his remarks as evidence.

 Three other instances of the alleged incompetence of counsel occurred when the victim was allowed to testify in rebuttal to defendant's alibi testimony. Although the victim had testified during his direct examination that he did not know the second robber, he was allowed to testify on rebuttal that he had seen this individual in the hallway outside the courtroom and told one of the police officers that this individual was the second robber. Contrary to defendant's argument, counsel did object several times during the victim's rebuttal testimony. She also cross-examined the victim and brought out that he "just wouldn't swear it was him, but he favored the fellow." She cross-examined the detective who was in the hallway when the victim identified the other individual as the second robber in order to show that the victim may not have had a very long time in which to view the other individual. All of counsel's actions in this regard are appropriate strategy to try to discredit the victim's identification of the second robber. We find no incompetence here.

 Defendant also alleges that counsel erred in failing to move for a mistrial after the prejudicial comments of the prosecutor during the final argument. As we discussed above, the prosecutor's remarks were made in response to defense counsel's argument and were explained as referring to the credibility of the theory of the case. Taken in context, the remarks did not constitute sufficient prejudice to require a mistrial and any request for a mistrial at this point would have been futile. Counsel's failure to perform a futile act cannot be considered as evidence of incompetence. *Nelson v. State,* (1980) 272 Ind. 692, 401 N.E.2d 666.

 Defendant finally contends that his counsel erred by failing to exercise a peremptory challenge after one juror expressed an opinion that she felt that if she were a defendant she would want to get up and do all the talking she could to let people know she was innocent. Defendant now argues that this juror would be prejudiced against defendant when he chose not to testify in his own behalf. However, the

record also shows that the court continued questioning this juror and she stated that serving on a jury was a new experience for her. The court and both attorneys further questioned this juror and she agreed that she could limit her decision to what she heard as evidence. The record does not show that there was any error in failing to use a peremptory challenge at that point as this was clearly a strategy determination by counsel. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Howell v. State*, 453 N.E.2d at 242–243.

The record shows that defendant's counsel was well prepared for the trial, cross-examined the state's witnesses, and presented an alibi defense for defendant. We do not find, from the evidence presented, that counsel's representation was ineffective or that the trial as a whole constituted a mockery of justice. We find no error here.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.