James BELAND, Appellant,

v.

STATE of Indiana, Appellee.

No. 1283S450.

Supreme Court of Indiana.

April 25, 1985.

Joanne Tapocsi, Deputy Public Defender, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A trial by jury resulted in a conviction of Burglary, a Class B felony. The trial court sentenced appellant to fourteen (14) years of imprisonment.

The facts are: Appellant spent the evening of January 29th drinking with a group of friends. At about 11:00 P.M., appellant went to visit Jill McCoole, the daughter of appellant's next door neighbor. Appellant and McCoole talked for a period of time; however, he left by midnight. Mrs. McCoole and her daughter then retired for the night after securing the doors. When they awoke in the morning, they discovered the home had been burglarized. Some cash, two components of a stereo system and several stereo tapes had been removed from the home.

The trim around a door and a window had been removed. The front door, which had been forcibly opened, had a muddy footprint near the door handle. The police also discovered a set of footprints in the mud around the house. The footprints revealed someone had stopped in front of each bedroom window. The path of the footprints led back to the front door.

The police received a telephone call on the 30th of January from appellant. He indicated he wished to discuss the incident with the police. After providing the proper warnings, the police took a statement in which appellant stated he went to the home about 3:00 A.M. He kicked in the front door and entered the home. Once inside he removed money from a purse and the stereo equipment from a spare bedroom. Appellant stated he took these items to his home where he hid them. The police recovered the items in appellant's home.

Appellant entered a preliminary plea of not guilty. Later he changed his mind and attempted to accept a plea bargain agreement. On April 28 the trial court refused to accept the agreement. On April 30 a local newspaper reported that appellant had pled guilty and admitted stealing the money and the stereo equipment.

On May 8 appellant filed a verified Motion for Change of Judge. He alleged bias and prejudice on the part of the judge which flowed from the plea agreement hearing. On May 11 appellant filed a verified Motion for a Change of Venue From the County. Attached to the motion was a copy of the newspaper article. The motion alleged public hostility, prejudicial reporting and the disclosure of inadmissible evi-

dence. The court failed to rule on either the May 8 or May 11 motions.

On the day trial commenced, appellant renewed each motion and each was summarily denied. The record reveals no objection by appellant to the failure to conduct a hearing on either motion. The record only demonstrates the court denied the motions and trial commenced.

█ Appellant contends the trial court erred when it denied the motions without the benefit of a hearing. Appellant's Motion to Correct Error attacks the denial of the motions on the merits and does not address the issue of the failure to conduct a hearing. A party may not raise an issue on appeal predicated on grounds not raised at trial. *Tabor v. State* (1984), Ind., 461 N.E.2d 118. There is a substantial difference between alleging error on the basis of the failure to conduct a hearing and alleging error based on the decision of the court.

█ Additionally, we note appellant failed to object at trial to the actions of the trial court. Failure to object at trial results in the waiver of the issue. It may not be raised for the first time on appeal. *Woods v. Brown County Plan Commission* (1983), Ind.App., 446 N.E.2d 973. We hold appellant has waived any allegation of error in the denial by the trial court of both the motion for a change of judge and the motion for a change of venue.

█ We note that appellant would not have prevailed in a hearing on either motion. The act of rejecting a plea bargain is not sufficient to establish bias and prejudice of the trial court. *Clemons v. State* (1981), Ind., 424 N.E.2d 113. Additionally, the short, factually-based newspaper article does not exhibit the level of bias and prejudice sufficient to convince a trial court that appellant could not obtain a fair trial in that county as required by Ind.Code § 35–36–6–1. *See Daniels v. State* (1983), Ind., 453 N.E.2d 160.

Appellant contends the trial court erred when it permitted the prosecutor to ask leading questions over appellant's objections during direct examination of the State's witnesses. He argues the form of questioning permitted the State to control the testimony of the witnesses. Appellant maintains the questioning was suggestive of the answers sought and that the questions asserted facts. Appellate courts have recognized certain circumstances which permit the use of leading questions. Appellant asserts the State has failed to establish that any of those circumstances were present in the case at bar.

█ The trial court is given wide discretion in allowing leading questions to be asked. *Hedges v. State* (1982), Ind., 443 N.E.2d 62. Reversible error will be found only upon a showing of an abuse of that discretion. *King v. State* (1984), Ind., 460 N.E.2d 947. To constitute reversible error the appellant must also show a substantial injury by the answer to the question. *Hedges, supra.*

█ A review of the testimony in question reveals no reversible error. The questioning was in part suggestive of the answer sought and did constitute the use of leading questions in an inappropriate situation. However, we do not believe appellant has shown a substantial injury by the admission of the testimony to which he objected. The improper questioning elicited answers which were cumulative of other testimony, including appellant's own confession. Thus the error was harmless. *Bassemier v. Sartore* (1964), 137 Ind.App. 139, 201 N.E.2d 285 (transfer denied).

█ Appellant argues the court abused its discretion when it overruled his objection to certain comments made by the prosecutor during closing argument. The prosecutor referred to the fact that the appellant had injected the defense of being too drunk to form the necessary intent to perform the burglary. The prosecutor merely commented that although appellant might have been intoxicated he still committed a burglary. The prosecutor was merely commenting on evidence which had been presented to the jury.

In *Brady v. State* (1984), Ind., 463 N.E.2d 471, this Court stated the standards

for the appellate review of comments of counsel before the jury.

"It is well settled that the conduct of final argument as well as the course of the trial is within the sound discretion of the trial court. (Cites omitted.) Our standard for determining the significance of prosecutorial misconduct was thoroughly discussed in *Murray v. State*, (1982) Ind., 442 N.E.2d 1012. We found that the court must determine if, when viewed from the totality of the circumstances of the case, any misconduct placed the defendant in a position of grave peril to which he should not have been subjected. *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312." *Id.* at 475.

We find no reversible error in the comments of the prosecutor. The reiteration of the facts already before the jury does not place a defendant in grave peril. Appellant's age and his drinking habits in general and on the night in question were placed before the jury by appellant. His entire defense was predicated upon the issue of the effect of voluntary intoxication on appellant's ability to formulate the required degree of intent. The trial court did not err when it overruled the motion to strike.

■ Appellant argues the State failed to prove he acted within the degree of specific intent required by the statute. He contends the verdict was thus contrary to the evidence. Appellant's argument now and at trial is he was so intoxicated on the night in question that he was incapable of forming the degree of intent required under the statute. In addition to testimony concerning his drinking activity on the night of the incident, appellant and his expert witness testified to periods of blackout caused by chronic alcohol abuse. Appellant testified that he was able to recall very little about the incident and that he did not remember giving a statement to the police.

In *Jones v. State* (1984), Ind.App., 458 N.E.2d 274, the Court of Appeals reviewed the use of the voluntary intoxication defense.

"The law is well settled that voluntary intoxication is no defense in criminal proceedings unless it can be shown that the accused was so intoxicated as to be incapable of forming the specific intent necessary to commit the crime. The burden of proving this defense is on the defendant. The intoxication must be of such a degree as to deprive him of the power to deliberate or form the necessary design or guilty intent. Mere intoxication, in the absence of some mental incapacity resulting therefrom as will render a person incapable of thinking deliberately and meditating rationally cannot be regarded as sufficient. The mental incapacity must render a person incapable of appreciating the wrongfulness of his conduct or of conforming his conduct to the requirements of law in order to be sufficient to relieve one of the responsibility for his acts. So long as the accused is capable of conceiving a design, he will be presumed, in the absence of contrary proof, to have intended the natural consequences of his own acts." *Id.* at 276.

The record reveals it is likely appellant was intoxicated when the crime was committed. However, the testimony also indicates appellant was capable of performing the following activities during the course of the evening: he walked to the victim's home; he ascertained the family was asleep, he removed the trim from the door; he forcibly entered the home; and he sought out the articles he desired and then removed them to his home where he hid them. We believe appellant exhibited the ability to conceive and execute a plan of action. As this Court stated in *Terry v. State* (1984), Ind., 465 N.E.2d 1085:

"It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." *Id.* at 1088.

We hold the evidence was sufficient to support the verdict.

■ Appellant claims the trial court erred in failing to find more than one mitigating circumstance. The finding of any mitigating circumstance is discretionary with the trial court. *Harding v. State* (1984), Ind., 457 N.E.2d 1098. Thus there can be no abuse of discretion when the court considered only one factor.

■ Appellant claims the sentence is unduly harsh. The standard of review is outlined in Ind.R.App.Rev.Sen. 2. The rule provides that the appellate court will not revise a sentence authorized by the statute unless it is manifestly unreasonable in light of the nature of the offense and the character of the offender. This sentence is within the parameters of the statute. In light of the factors outlined by the trial court, we do not find them manifestly unreasonable.

■ Appellant claims the trial court erred in that the presentence report, which the court relied upon, did not comply with the requirements of Ind.Code § 35–4.1–4–10 (recodified as Ind.Code § 35–38–1–9). The presentence report does not contain a statement by the victim or a certification by the probation officer that he attempted to contact the victim. Such is required by the statute. In *Busam v. State* (1983), Ind.App., 445 N.E.2d 118, the Court of Appeals found the language to be mandatory and the Court remanded the cause to comply with the statute. The State concedes the necessity of a remand in this situation.

This cause is remanded to the trial court to comply with the requirements of the presentence report statute. The trial court is in all other things affirmed.

All Justices concur.