MICHAEL RAYMOND COMBS *v*. STATE OF INDIANA.
[No. 1176S412. Filed February 9, 1978.]

*Robert W. Terry,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Michael Combs, was convicted by a jury on counts of inflicting physical injury in the commission of a robbery and armed robbery. He was sentenced to life imprisonment on Count I and to twenty years on Count II. He now appeals raising the following issues:

1. Whether his confession was voluntary; and

2.   Whether there was sufficient evidence to sustain the conviction.

The record shows that the defendant was arrested in White County, Illinois, on November 2, 1975. At that time he was incoherent and could barely walk. He testified that he may have taken 20 to 45 valium tablets prior to his arrest. Four days later, on November 6, the defendant gave a voluntary statement to Tom Sutton, state's attorney of White County, Illinois. At this time the defendant stated he understood his rights and knew what he was talking about. He gave statements about events that had occurred in Illinois as well as about events in Evansville, Indiana, which are the basis of the instant case.

Al Troop was robbed by two men in his home in Evansville on November 1, 1975. The robbers took $200 and a pistol. The larger of the two men was wearing a mask and carrying a shotgun. This man hit Troop in the chest, breaking two ribs. The pistol, mask, and shotgun were all found with defendant's belongings when he was arrested. However, Mr. Troop was unable to identify positively the defendant as one of the robbers because of the mask. The defendant filed a motion to suppress statements before the trial. This motion was overruled by the trial court and the defendant's confession was introduced into evidence at the trial.

## I.

The defendant contends that the trial court erroneously admitted his statements into evidence. He claims he had been taking several different types of drugs prior to his arrest and that their effect had not worn off four days later on the day of the interview. The defendant said he had not been able to eat while he was in jail because he vomited whenever he tried to eat. He had asked the police for medical attention but had not seen a doctor at the time of the interview. He contends that his mind was still not clear when he gave his statement and therefore his confession was not voluntary.

This Court will not disturb a trial court's ruling on the

admissibility of a confession when that ruling is based on substantial, though conflicting, evidence. *Riggs* v. *State,* (1976) 264 Ind. 263, 342 N.E.2d 838; *Rogers* v. *State,* (1974) 262 Ind. 315, 315 N.E.2d 707; *Cooper* v. *State,* (1974) 261 Ind. 659, 309 N.E.2d 807.

The record shows that defendant was fully and carefully advised of his rights at the time he made the statements. Mr. Sutton, the state's attorney in Illinois who took defendant's statements, testified that the defendant acted normal at that time and answered questions in a coherent and logical manner. Mr. Sutton repeatedly asked the defendant if he understood his rights and the answer was always positive. Mr. Sutton explained twice to the defendant that he could stop talking at any time. At one point during the interview, the defendant said, "[M]y mind is still messed up on this stuff that I've been taking." Mr. Sutton then carefully questioned the defendant as to what he meant. The defendant said, "I'm not high, I'm just dazed." He further explained that he meant he couldn't remember names but he did remember events. He also repeated at that time that he knew what he was saying and that he understood his rights. This Court wishes to commend Mr. Sutton for the careful and thoughtful manner in which he conducted the interview and explained to the defendant his constitutional rights.

In reviewing the trial court's ruling on the voluntariness of a statement or waiver, we do not weigh the evidence, but determine whether there is sufficient evidence to support the trial court's finding. *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188, *Raines* v. *State,* (1971) 256 Ind. 404, 269 N.E.2d 378.

In the instant case, the defendant himself asked for the chance to make a statement. He was carefully given all his constitutional rights. The state's attorney and a police officer who attended the interview both testified that the defendant appeared normal and coherent throughout the interview. The record clearly shows that the defendant gave logical and

reasonable answers to all the questions during the fifty-minute interview and that he stated repeatedly that he understood what was being said.

This is substantial evidence to support the trial court's determination of voluntariness. We find no error in the trial court's overruling of defendant's motion to suppress.

## II.

The defendant also contends that without the statement which should have been suppressed, there is insufficient evidence to sustain a conviction. Since we have found no error in the admission of the statement, there is sufficient evidence to sustain the conviction.

For all the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 372 N.E.2d 176.