HAROLD MCFARLAND *v.* STATE OF INDIANA.

[No. 877S630. Filed November 6, 1978.]

*William H. Walker, Jr.* of East Chicago, for appellant.

*Theodore L. Sendak,* Attorney General, *Rollin E. Thompson,* Assistant Attorney General, for appellee.

HUNTER, J.—The defendant, Harold McFarland, was charged with first-degree murder and felony murder. He was convicted by a jury of second-degree murder and felony murder and was sentenced to life imprisonment on the latter count. His direct appeal raises the following issues:

1. Whether the confession given by defendant and admitted into evidence was obtained in violation of his constitutional rights; and

2. Whether he was denied his constitutional right to effective assistance of counsel.

The evidence most favorable to the state indicates that there was a robbery at Judge's Court Bar in Gary during which the owner, Frank Judge, was killed. An eyewitness to the robbery-homicide positively identified the defendant, in court, as one of the participants in the crime. The defendant was originally arrested in September, 1976, in connection with two unrelated service station robberies and was held in the Porter County jail. Robert Cash, a detective from Lake County, testified that he talked with the defendant at this time about the service station robberies but not about the Judge homicide.

Later in September, the defendant was transferred to the Lake County jail. He asked to talk "to somebody from Gary" about the Frank Judge case. In response to this request, he was brought to the Gary police station where he was first questioned in the narcotics bureau about unrelated crimes and then was brought downstairs to the detective bureau

where he talked to Detective Cash and Detective Sheerer. According to the testimony of Detective Cash, the defendant was orally advised of his rights at this time. He then said he wanted to talk to somebody from the prosecutor's office about being given immunity in exchange for his testimony against others involved in the Judge homicide.

Although it was a Sunday morning, Detective Cash contacted the Lake County prosecutor who said he could not come to the jail at that time but that there would be "no deals" or promises for the defendant. Detective Sheerer verified Cash's testimony on these points and further stated that defendant had never asked for an attorney and did not ask to be taken back to his cell when he learned the prosecutor would make no deals.

At this time, defendant indicated he wanted to make a statement and he was taken back upstairs to the narcotics bureau because of the noise and confusion in the detective bureau. He gave his statement in the presence of Detective Cash and another officer. He signed at least one waiver of rights form before making the statement and he signed both the waiver form and the statement at the completion of the session.

Defendant admitted he made the statement but insisted that it was contrived from information he had received from a cell mate in the Lake County Jail and that he only gave it in the hope that he could trade his testimony for immunity from two unrelated robbery incidents. He further testified that he had given an oral statement prior to signing any waiver of rights.

I.

Initially we note that the state has argued that the defendant's appeal should be dismissed because he has failed to include in his brief a verbatim statement of the trial court as required by Appellate Rule 8.3A (4). Whether or not failure to comply with the substance

of the appellate rules constitutes a waiver of error on review depends on whether the noncompliance with the rule is sufficiently substantial to impede our consideration of the issue raised. *Davis* v. *State,* (1976) 265 Ind. 476, 355 N.E.2d 836. In this case there is a summary of the judgment which accurately enough acquaints us with the judgment defendant received.

Defendant first alleges that two statements were taken by the police, and that the first oral statement was made before he had been given his constitutional rights. He alleges that this first statement was involuntary and that the involuntary statement made subsequent statements inadmissible. However, the only evidence of two statements is defendant's own testimony. The testimony of the two police officers is that only one statement was given and that this followed the signing of the waiver of rights form. Their testimony as to the sequence and timing of the events and the fact that defendant himself initially asked for the meeting corroborates the voluntariness of the statement and the existence of only one statement.

This Court has consistently held that we will not disturb a trial court's ruling on the admissibility of a statement or confession when that ruling is based on conflicting evidence, except for an abuse of discretion. *Combs* v. *State,* (1978) 267 Ind. 578, 372 N.E.2d 179; *Wright* v. *State,* (1977) 266 Ind. 327, 363 N.E.2d 1221; *Cooper* v. *State,* (1974) 261 Ind. 659, 309 N.E.2d 807. The finding of the trial court here clearly revolved around the credibility of witnesses which is within the province of the trier of fact. There was no abuse of discretion.

## II.

The defendant further alleges that he was denied his constitutionally guaranteed right to the effective assistance of

counsel. It has long been established that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Roberts* v. *State,* (1977) 266 Ind. 72, 360 N.E.2d 825; *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686.

Incompetency of counsel revolves around the particular facts of each case and the actions or inactions of the attorney must have made the proceedings a mockery of justice before incompetence will be found. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Cottingham* v. *State,* (1978) 269 Ind. 261, 379 N.E.2d 984; *Dull* v. *State,* (1978) 267 Ind. 549, 372 N.E.2d 171; *Roberts, supra.*

[5, 6]

In the instant case, the defendant points to four instances of trial strategy of his appointed counsel which he alleges show a degree of ineffectiveness that denied him his right to a fair trial. He alleges that there was not a sufficient investigation into the identification procedures which might have been unnecessarily suggestive; there was not sufficient evidence presented at the hearing on the motion for change of venue from the county; there was a failure to raise the issue of no preliminary hearing; and there was not a sufficient presentation of evidence about the defendant's reasons for allegedly making a false statement.

The record shows that counsel did present a vigorous defense. He filed several pre-trial motions, cross-examined the state's witnesses, and put on defense witnesses. Defendant testified on his own behalf so the jury was well aware of his theory of the allegedly false statement. The four instances of ineffectiveness cited by defendant all constitute trial strategy, and we have consistently held that we will not substitute our judgment for that of counsel. *Cottingham* v. *State, supra; Maldonado* v. *State,*

(1976) 265 Ind. 492, 355 N.E.2d 843. The record does not support defendant's claim of ineffective assistance.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 381 N.E.2d 1061.