David LINDER, Appellant,

v.

STATE of Indiana, Appellee.

No. 284S50.

Supreme Court of Indiana.

Nov. 21, 1985.

Thomas G. Krochta, Vanstone & Krochta, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant David Linder was charged in the Posey Circuit Court with the crimes of murder, in which the death penalty was requested, and arson. The jury found him guilty of voluntary manslaughter and arson, a class A felony. The trial judge sentenced Appellant to a term of fifteen (15) years for the voluntary manslaughter conviction, and thirty-five years for the arson conviction; the sentences to be served consecutively, for a total term of fifty years.

Appellant's arguments raise five issues for our consideration:

1. whether the trial court's denial of Appellant's Motion for Change of Venue From the County was proper;

2. whether the trial court erroneously restricted voir dire;

3. whether the conviction and sentencing of Appellant on counts of both voluntary manslaughter and arson were in error;

4. whether Appellant's conviction was supported by sufficient evidence; and

5. whether the trial court erred in allowing the State to re-open its case.

The evidence shows that Cynthia Duvall died in a fire which consumed her house trailer between midnight and 1:00 a.m. on March 12, 1982. Appellant had lived with her in that trailer, but due to problems in their relationship had moved out. The two still dated and Appellant returned to the trailer from time to time. On the night in question Appellant went to a house about thirty (30) feet from Cynthia's trailer, in which her sister and brother-in-law lived. Appellant told them Cynthia and others were in the trailer, which was on fire, and he could not get them out. His story was that they had just gotten home and Cynthia had gone into the trailer, when there was an explosion and a fire began. He could hear Cynthia screaming but could not help get her out of the trailer. No one was able to enter the trailer because of the intensity of the fire throughout the trailer's interior.

Cynthia's body was found, totally consumed by fire, next to the davenport in the front part of the trailer. While the firemen and neighbors were present Appellant repeatedly stated, "I didn't mean to kill her," and he later told others, "I killed her." Neighbors said they saw Cynthia's and Appellant's automobiles parked in front of the trailer moments before it caught fire, and that no one was outside of the trailer. This contradicts Appellant's statement that he had not entered the trailer before the fire started.

Witnesses also testified Appellant told them he and Cynthia had argued that night and he struck her several times to the extent she was unconscious and bleeding, he went to his car and got a can of gasoline he had purchased that afternoon, poured it on Cynthia and throughout the trailer, and lit it. Fire experts testified the source of the fire was an accelerant. There also was evidence that the coat Appellant was wearing that night had burn marks on it, which again contradicted his statement that he was outside the trailer, unable to get inside once the fire started. There also was direct evidence that Appellant purchased $3.00 worth of gasoline in a plastic can that afternoon.

I

Appellant claims the trial court erred in denying his Motion For Change of Venue From the County. He relies heavily on the fact that *voir dire* indicated an impartial panel could not be chosen. The record of *voir dire* indicates most of the jurors had heard of this case. There were two periods of time when newspaper publicity concerning this crime circulated in the county. A number of articles appeared soon after the March 12, 1983 fire, while others appeared at the time of trial in August 1983. The later articles were confined to factual reports indicating the cause was going to trial, while the March articles described the crime in more detail and involved quotations from police and forensic experts re-

garding the cause of death. Some of these recounted a theory that Cynthia was dead before the fire started, and told of weapons found about the trailer, including a hatchet and baseball bat which authorities believed could have been used to cause severe fracturing of bones found in the two autopsies. It was subsequently determined and reported, however, that the fractures were caused by the intense heat of the fire rather than from trauma. The autopsies ultimately revealed that death was caused by smoke inhalation.

Forty people were examined for the jury, four of whom were excused, two because they had formed an opinion they could not put aside. Other jurors said they had read accounts of the case and formed an opinion based on those accounts, but could put aside any opinion and determine the case on the evidence presented at trial. The jury was sequestered during the trial.

■ It is well established that for a defendant to show good cause necessary to warrant a discretionary change of venue, he must produce evidence of community bias or prejudice sufficient to convince the trial court he cannot obtain a fair trial in that county. We will not reverse a trial court in its judgment on this issue where there was no reason to believe that any juror was so affected by preconceived opinions as to have been unable to judge the defendant wholly on the law and evidence adduced at trial. *Grimes v. State* (1983), Ind., 450 N.E.2d 512, 517; *Willard v. State* (1980), 272 Ind. 589, 595, 400 N.E.2d 151, 156. *Grimes* provided a fair trial could be held even though a juror might have entertained a preconceived opinion as to the defendant's guilt if the juror could lay aside his impression and render a verdict on the evidence presented in court. In the present case every juror seated indicated he or she could do this.

Appellant cites *Irvin v. Dowd* (1961), 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751, as a case similar to the one at bar. In *Irvin* the United States Supreme Court found the publicity was vicious, pervasive, and prejudicial over and above factual reporting, and that this was demonstrated by the attitude of the jury. Eight of the twelve final jurors thought Irvin was guilty prior to hearing any evidence. Of 430 persons called for prospective jury duty in *Irvin*, 268 were excused for admitted inability to put aside their fixed opinions.

■ In the present case forty people were called and only four excused, two actually for the reason they could not ignore their fixed opinion as to guilt and two who could not definitely say whether they could lay aside their impressions of guilt. No juror was seated who stated he maintained a belief in Appellant's guilt which would influence his or her hearing the case. Every juror was willing to listen to the facts and evidence and determine the case solely on what they heard in court. A significant fact is that the jury did not find Appellant guilty of murder as he was charged, but rather, found him guilty of the lesser included offense of voluntary manslaughter. They found that although he was guilty of knocking Cynthia unconscious and setting the fire that killed her, he did so in a sudden heat. The jurors not only indicated they would well and truly try the case as they took an oath to do, but actually did so. We therefore see no error on this issue.

## II

Appellant's next assignment of error is in the conduct of *voir dire* by the trial judge. The judge limited *voir dire* to thirty minutes of each jury panel of twelve, and thereafter an additional five minutes for each new panelist called. This gave each party a total of two hours of examination of the panels and five minutes for individual panelists. Appellant's main complaint is that he did not have time to ask the jurors a number of proposed questions. He submitted the questions to the judge so that he, in turn, would ask the jurors these questions, but the judge refused to do so.

■ It is well settled that *voir dire* is a matter within the discretion of the trial court. We will not find error in this regard

unless there is a showing of substantial abuse of discretion. *Grimes*, 450 N.E.2d at 517; *Roberts v. State* (1978), 268 Ind. 127, 130, 373 N.E.2d 1103, 1106. Here, Appellant moved for sequestration of the jury which was granted. He also moved for individual *voir dire* of the panelists and that the State not be permitted to "death qualify" the jury, both of which requests were denied. Appellant raises none of these issues on appeal. The only complaint he brings is that he was not allowed to ask certain general questions of the jury.

■ The questions at issue number approximately twenty-seven and Appellant does not specify which ones' omission amount to prejudice. We agree with the State's contention that the substance of the questions asked by the trial judge and both counsel together, along with the preliminary instructions, covered the content of the questions Appellant sought to ask. Thus we find no error here.

■ To the extent Appellant suggests error due to the time constraints placed on *voir dire* by the trial judge, it appears he gave sufficient time to each side to cover the critical areas. He did not abuse his discretion by setting time limits or by allowing additional questions after the allotted time was exhausted. *See Wickliffe v. State* (1981), Ind., 424 N.E.2d 1007, 1008; *Roberts*, 268 Ind. at 130, 373 N.E.2d at 1105.

### III

■ Appellant further claims the trial court erred in allowing to stand a conviction on both crimes of manslaughter and arson, sentencing him for both crimes, aggravating the sentences, and making the terms consecutive.

Appellant maintains the homicide was caused by the fire, and there was only one act resulting in both the death of the victim and destruction of the trailer. He therefore reasons he could not be convicted of both manslaughter and arson. We disagree. That there is only one set of facts in which Appellant was found guilty of pouring gasoline over Cynthia's body and throughout the trailer and lighting it does not foreclose him from being guilty of more than one crime. The elements of the two crimes charged here are different; there is a separate identity of offense in each crime. *Cf. Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893.

■ Appellant was not charged with felony murder such that arson was the underlying felony which caused Cynthia's death. He was charged in one count with Cynthia's murder and in another count with committing arson upon the residential house trailer. These were two separately defined crimes that were proven in the evidence. Even though the same acts by Appellant prove each crime, the conviction of one does not foreclose conviction for the other. If each offense requires proof of an additional fact that the other does not, as here, double jeopardy prohibitions are not violated. *Washington v. State* (1981), Ind., 422 N.E.2d 1218, 1220; *Turner v. State* (1980), 273 Ind. 627, 634, 407 N.E.2d 235, 239–240; *Elmore*, 269 Ind. at 534–537, 382 N.E.2d at 896–99.

The trial court sentenced Appellant to a term of imprisonment for fifteen (15) years on the manslaughter conviction, finding five years should be added to the presumptive ten year sentence due to aggravating circumstances. Upon Appellant's conviction for arson, a class A felony, the court imposed a sentence of thirty-five (35) years, adding five years to the presumptive thirty year sentence due to aggravating circumstances. The court ordered the sentences to be served consecutively for a total of fifty (50) years.

The only objection Appellant makes to his sentencing is based on the same argument he made contesting his conviction on both crimes. He argues that since he set only one fire, he should receive only one sentence. He reasons he has received a sentence of fifty years, equalling that one would receive for murder in Indiana, and that the judge virtually sentenced him for murder even though the jury found him not guilty of that crime. Appellant ignores the

fact that he originally faced sentences not only for murder, but for murder and arson. Thus, even with the additional years for aggravating circumstances his sentence is smaller than it could have been.

■ We find the trial judge properly sentenced Appellant in both crimes. The present sentences were within the terms set forth by the Legislature in sentencing provisions. A reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. A sentence is not manifestly unreasonable unless a reasonable person could not find such sentence appropriate to the particular offense and offender for whom such sentence was imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev. Sen. 2. Appellant has not met this burden.

There was substantial evidence that showed Appellant knocked the victim unconscious, poured gasoline over her body and the floor of the mobile home, and lit it. There were other mobile homes situated quite closely throughout the area, which homes were linked by gas lines. The court was justified in finding that the perpetrator of crimes such as these did so heedless of the danger not only to the victim but to other persons. The sentencing by the court was within guidelines and standards approved by the Legislature and this Court on numerous occasions.

## IV

Appellant claims there was insufficient evidence to support his convictions. He bases this claim on the fact that there was evidence he was at the scene of the fire and the fire was incendiary in nature, but that all other evidence is circumstantial and fails to give rise to an inference of guilt beyond a reasonable doubt.

■ Where the sufficiency of evidence is challenged on review this Court will neither weigh the evidence nor determine the credibility of witnesses, but rather will look to evidence most favorable to the State together with all reasonable inferences therefrom. We will then determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Here, there was evidence that placed Appellant inside the trailer immediately prior to the time the fire broke out, and that his jacket had burn marks on it. Direct evidence, including his own statements made at the scene and subsequently to other people, was also incriminating. There was substantial evidence before the jury justifying them in arriving at the verdicts they rendered.

## V

Finally Appellant claims the trial court erred in allowing the state to reopen its case to bring forth two witnesses who were in prison with Appellant, to whom he recounted the details of how he had committed the two crimes, Appellant was given notice of the State's intention to bring forth these witnesses after the State had rested its case and moved to reopen it. Appellant objected to the reopening and requested a two week continuance. The trial court refused this request, but continued the trial for two days to allow Appellant to prepare. Appellant's only objection at this point was that two days was not sufficient time.

■ We have held that a primary consideration in determining whether a party should be permitted to reopen its case is whether the opposing party had adequate opportunity to prepare to rebut the evidence offered. *Lee v. State* (1982), Ind., 439 N.E.2d 603, 604. Appellant does not support his claim of inadequate time with any recitation of authority, nor does he point out why two days was inadequate time. We have only his bare assertion that it was insufficient. Actually the record shows that although Appellant asked for two weeks, he made the statement to the court that he knew it would not be granted so he moved for a mistrial. The trial court denied the mistrial and gave the two day

continuance. At no time after that did Appellant make any objection other than the statement he now makes without support, that it was insufficient time. Without cogent argument to support his claim, Appellant presents us with nothing to review and waives any error concerning this issue. *McFarland v. State* (1978), 269 Ind. 527, 529–530, 381 N.E.2d 1061, 1063; Ind.R. App.P. 8.3(A)(7). Furthermore, it was sufficient that the witnesses were made available to Appellant for two full days prior to reopening the State's case.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, and PRENTICE, JJ., concur.

SHEPARD, J., concurs in result without opinion.