Dixie TRATAR, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–8705–CR–523.

Supreme Court of Indiana.

June 13, 1988.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On December 2, 1986, Defendant–Appellant Dixie Tratar was found guilty by a jury in the Lake Superior Court, Criminal Division, of robbery, class B felony, and

was sentenced to a term of fourteen (14) years.

The only issue she raises in this direct appeal is sufficiency of the evidence. The facts show that in the early morning hours of July 7, 1986, Dean West was working as a cashier at the Checker gas station at 61st and I–65 in Hobart, Indiana. At approximately 2:30 a.m., as West was talking to Mike Benac, who was delivering doughnuts to the store, two men entered, each wearing a ski mask and holding a gun. One of the men took Benac to the rear and handcuffed him to a refrigerator cooler while the other forced West to open the cash register. They removed bills from a cash register and from a cash box which was hidden under the counter. They also took several cartons of cigarettes and fled in a car.

Officer Joseph Paul Petruch of the Merrillville Police Department heard a dispatch about the robbery and shortly thereafter saw a car proceeding at a high rate of speed. As he pursued the car he saw the occupants throwing objects from the windows. When he stopped the car, he found Tratar, Thomas A. Bodamer, and James Howell in the vehicle. Police found four cartons of cigarettes in the back seat and a large amount of wadded up currency inside Tratar's purse. Later that night, West identified the two men when police returned them to the gas station. West also identified Tratar as a customer in the store earlier that night.

Co-defendant Howell testified for the State pursuant to a plea agreement. Howell testified he went to live at Tratar's home about July 3, 1986. He stated he and Thomas Bodamer, Tratar's son, planned the robbery on the night of July 6 because Bodamer needed money for rent. Tratar did not take part in the planning although she was in and out of the room as they discussed it. She supplied both of them with surgical gloves and obtained a vehicle to use in the robbery. Howell and Bodamer left their residence about 12:30 a.m., with Tratar driving. She stopped at the Checker station for "pop." They then drove around, driving past the station sev-

eral times. Finally, Bodamer told Tratar to pull in and Bodamer and Howell got out of the car. They told Tratar to get in the back seat, which she did. Howell's testimony of the perpetration of the robbery was consistent with that given by West.

As a reviewing court we will not reweigh the evidence nor the credibility of witnesses whose testimony resulted in a conviction. We look only to the evidence most favorable to the State and all reasonable inferences to be drawn from it. We will sustain a guilty verdict if there is substantial evidence of probative value from which a jury could reasonably find the defendant guilty beyond a reasonable doubt. *Carter v. State* (1987), Ind., 505 N.E.2d 798, 800; *Linder v. State* (1985), Ind., 485 N.E.2d 73, 78.

Tratar does not deny the robbery was committed by Bodamer and Howell and that she was present in the vehicle during its perpetration. She claims there is not sufficient evidence to show perpetration. She claims there is not sufficient evidence to show more than the fact she was present and perhaps acquiesced in the commission of the crime by the two other individuals. Tratar acknowledges one can be found guilty of the crime of robbery if that person knowingly or intentionally aids, induces, or causes another person to commit the offense pursuant to IC 35–42–5–1 and IC 35–41–2–4. The State contends there was ample evidence to show Tratar knowingly and intentionally aided and induced her son Bodamer and his friend Howell to commit robbery. We agree. The evidence showed Tratar obtained and drove the vehicle to the station. She supplied Howell and Bodamer with surgical gloves, and, in fact, did not give Howell his gloves until they were in the car. She went into the station to buy "pop" and "cased" the scene, then circled the station approximately five times before entering to let Bodamer and Howell out. She waited while the robbery was in progress and participated in the concealment and disposal of the fruits of the crime. This was sufficient evidence that she aided the two other participants in the crime of robbery, justifying the jury in

finding she was guilty beyond a reasonable doubt.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.