Michael R. COMBS, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8803–PC–349.

Supreme Court of Indiana.

May 5, 1989.

Susan K. Carpenter, Public Defender, Margaret Hills, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant filed his post-conviction relief petition seeking relief from his 1976 conviction of Inflicting Physical Injury During the Commission of a Robbery, for which he received a life sentence, and Armed Robbery, for which he received a twenty (20) year sentence, the sentences to run concurrently. Following a hearing, the trial court denied his petition for post-conviction relief.

Appellant's original conviction was appealed to this Court and affirmed in *Combs v. State* (1978), 267 Ind. 578, 372 N.E.2d 179. The record in that appeal has been made a part of the record in this appeal. The record shows that one Scott Titus, who was fifteen years of age at the time, and appellant, who was twenty-five years old at the time, met at appellant's apartment

where they devised a plan to rob a neighbor, Al Troop, who was eighty-four years of age at the time.

A statement made to police by appellant at the time of his arrest was introduced into evidence. In that statement, appellant claims that a third person was involved in the robbery and that he did not enter Mr. Troop's home but remained outside as a lookout and that a man he identifies as Scott, who by further evidence is identified as Scott Titus, and another man, who he identifies as Phillip, but whose last name he claims he does not know, entered Troop's apartment and robbed him. He states that following the robbery the three of them left and later divided the loot, including a .38 caliber Smith and Wesson pistol which appellant had in his possession at the time of the arrest.

Titus testified at appellant's original trial. He stated that at that time he was an inmate of the Indiana Boy's School as a result of an unrelated robbery. Titus testified that only he and appellant were involved in the robbery, that after discussing what they were to do in appellant's apartment they went to Troop's apartment, and that he knocked on the door. When Troop came to the door, they entered into a discussion, then appellant stepped forward with a .410 gauge shotgun, which Titus had obtained from his father. Appellant was wearing a ski mask. They forced Troop back into his apartment where appellant forced him down on the bed, and Titus searched the apartment for money and the .38 caliber pistol which they knew to be present.

Troop testified as to essentially the same thing with the exception that he described in detail being struck in the chest by the masked robber. He stated that he was struck with the shotgun and that the blow broke two of his ribs. The record shows that Troop was a rather difficult witness, being very opinionated and very difficult to keep on the subject. When Titus was asked a question during his testimony, Troop became upset, apparently over the difference as to the size of the shotgun. Whereas Titus testified the shotgun was

a .410 gauge, Troop insisted the shotgun used in the robbery was .12 gauge.

At the time of his arrest, appellant had a .410 gauge shotgun in his possession, which was identified by Titus as the gun originally belonging to his father and used in the robbery.

■ Appellant claims the trial court erred when it refused to permit him to cross-examine Titus regarding his juvenile record. Appellant concedes that there is a general prohibition against the admission of juvenile adjudications for impeachment purposes, citing *Engle v. State* (1987), Ind., 506 N.E.2d 3 and Ind.Code § 31–6–3–5(b); he believes, however, the situation in this case should be distinguished and that thorough cross-examination should have been permitted in view of Titus' incriminating statements which, to a certain extent, contradicted the statement made by appellant. The fact that Titus had been found guilty of committing another robbery, which resulted in his incarceration at the Indiana Boy's School, was placed before the jury during Titus' examination. For the trial court to have permitted an in-depth examination concerning Titus' juvenile record merely would have been repetitious of Titus' status as a juvenile delinquent.

We further would observe that Titus' testimony and the statement made by appellant did not differ in the essential elements of the robbery charge. The statements, when taken together, clearly involve appellant in the robbery. The only material difference is whether a third person participated. Although appellant argues that Titus' testimony was crucial to his conviction, we only find it to be cumulative as to other State's evidence, including appellant's own statement. We see nothing in this record to justify delving into Titus' juvenile record to any greater extent than already had been presented to the jury. The trial court did not err in this regard.

■ Appellant contends the State denied him due process of law in his original conviction in that it failed to attempt to resolve Mr. Troop's denial of Titus' version of the events. In view of Mr. Troop's advanced age, his argumentative nature, his tenden-

cy to wander in his testimony, and the fact that their testimony differed only as to the size of the shotgun used in the robbery, we see no legitimate reason for the matter to be pursued further either by the prosecutor or the trial judge. We also would observe that appellant had the ability to fully explore the differences between the testimony of Troop and Titus which had been placed before the jury. We see nothing in this issue which would warrant a granting of post-conviction relief.

 Appellant claims the original trial court erred in refusing to give his Tendered Instruction No. 4. However, he correctly points out that appellant's trial counsel did not object to the court's refusal to give the instruction nor was that issue pursued on appeal. The instruction addressed itself to the testimony of an accomplice. An examination of the original record in this case shows that the trial court did in fact give a general instruction concerning the credibility of witnesses, which this Court has held to be sufficient when the testimony of an accomplice has been presented. Because appellant's tendered instruction was covered by other instructions given by the trial court, there was no error in its refusal. *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836.

Appellant contends his post-conviction relief petition should have been granted because the record demonstrates that he did not receive effective assistance of counsel at his original trial. However, he cites the foregoing matters which have been discussed in this opinion as evidence that his trial counsel did not properly represent him either at the trial or on appeal. As has been pointed out, we see no reversible error in the issues raised by appellant. Thus we can find no conduct on the part of the trial counsel which would violate the competency of counsel test laid down in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

In deciding this case, we are not unmindful of the general proposition that post-conviction proceedings are not a substitute for direct appeal and that issues which could have been raised on direct ap-

peal may not be raised in a post-conviction proceeding. *Johnson v. State* (1986), Ind., 502 N.E.2d 90. However, in the case at bar, the State did not see fit to challenge appellant's amended post-conviction relief petition on that ground but chose to present it to the post-conviction relief court on its merits. We thus are compelled to do likewise. *Richardson v. State* (1982), Ind., 439 N.E.2d 610.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., not participating.