**Harold McFARLAND, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 45S00–8710–PC–895.**

Supreme Court of Indiana.

Oct. 15, 1991.

Susan K. Carpenter, Public Defender, Darrolyn A. Ross, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In 1977, appellant was convicted of Felony Murder, for which he received a life sentence. This Court affirmed appellant's conviction. *McFarland v. State* (1978), 269 Ind. 527, 381 N.E.2d 1061.

In July of 1985, appellant filed a *pro se* petition for post-conviction relief. A series of maneuvers followed in which both private counsel and public defender counsel represented appellant with various continuances and amendments to his petition. Finally, on November 7, 1986, a hearing was held on appellant's amended petition for post-conviction relief. After a partial hearing, the matter was continued until December 12, 1986, when further evidence was heard. Both parties filed opposed findings of fact and conclusions of law. On March 27, 1987, the trial court denied appellant's petition and filed its findings of fact and conclusions of law. This is an appeal from that decision.

Appellant claims that inconsistent instructions and improper verdict forms so confused the jury as to render the verdict unreliable. Appellant was charged both with murder and felony murder. This issue could have been but was not raised in appellant's original appeal; therefore, it is waived. See *Gann v. State* (1990), Ind., 550 N.E.2d 73; *Johnson v. State* (1986), Ind., 502 N.E.2d 90. However, inasmuch as appellant raises this as an issue of ineffectiveness of appellate counsel, we examine it from that perspective.

The trial court's instructions concerning the murder count correctly stated that the jury also could consider second degree murder and the other lesser-included offenses of homicide. However, as to the felony murder charge, the court gave no lesser-included offenses instruction. The court was correct in this regard as there are no lesser-included homicides in a felony murder charge. *Smith v. State* (1987), Ind., 508 N.E.2d 14. We hold the trial court's instructions were correct and thus were not misleading to the jury.

When the jury first returned with a verdict, it was discovered that the trial court had furnished them with a wrong verdict form which they used in finding appellant guilty of inflicting injury in the perpetration of a robbery. The trial court immediately discovered its error. The charge was the killing of a person in the commission of a robbery, not the infliction of an injury in the perpetration of a robbery. The trial judge voided the verdict, furnished the jury with a correct verdict

form, and returned the jury for further deliberation.

Appellant claims that to allow the jury to so retire for the second time constituted double jeopardy in violation of art. 1, § 14 of the Indiana Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Appellant is in error in this observation. A trial court may send the jury back for further deliberations when the verdict is defective in substance or form. *Hodges v. State* (1988), Ind., 524 N.E.2d 774; *Limeberry v. State* (1945), 223 Ind. 622, 63 N.E.2d 697. A verdict is not final until it is returned in open court, accepted by the judge, and the jury is discharged. *Gilmore v. State* (1951), 229 Ind. 359, 98 N.E.2d 677.

The trial court not only had the power but the duty to set aside the erroneous verdict and to furnish the jury with a proper verdict form and return them for deliberation. *See Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538; *Limeberry, supra*. We find no merit in appellant's claim of double jeopardy. Thus we can find no ineffectiveness of appellate counsel for failure to raise this issue on appeal.

■ Appellant also contends the jury was not instructed properly on the elements of felony murder because the trial court's instructions did not inform the jury that the prosecution had to prove appellant had the specific intent to commit robbery. Like the previous issue, this question was waived. However, it will be examined on the issue of ineffectiveness of counsel.

We would observe that trial counsel did not object to the instructions given nor did he tender an instruction concerning the intent to commit robbery. Even if we would assume for the sake of argument that counsel should have tendered such an instruction, we cannot find that his error should result in a new trial.

The evidence in this case clearly shows that a robbery in fact was perpetrated and that a person was killed in the course of that robbery. There was no evidence in this case from which a jury could have found that the perpetrators did not intend to commit a robbery. Where a defendant is not prejudiced by the omission of an instruction concerning intent, there is no reversible error. *See Elliott v. State* (1983), Ind.App., 450 N.E.2d 1058.

■ Appellant raises several issues concerning the effectiveness of his trial counsel. However, as pointed out by the State, this issue was raised in appellant's original appeal. *See McFarland, supra*. Thus that issue is now *res judicata* and not available to appellant at this time. Appellant claims the State cannot assert *res judicata* because it was not pled in their answer to his petition for post-conviction relief. At the hearing on post-conviction relief, the issue of a prior adjudication was presented and in fact was included in the trial court's findings, wherein the trial court stated:

"The Indiana Supreme Court upheld McFarland's conviction in *McFarland v. State* [269 Ind. 527], 381 N.E.2d 1061 (1978). The Court specifically held that McFarland's confession was voluntarily given and that he had effective representation of counsel."

Appellant claims however that appellate counsel failed to raise many of the issues which would have demonstrated ineffectiveness of trial counsel.

However, as pointed out by the State in the original appeal, after first pointing out the four specific issues raised by appellate counsel concerning the effectiveness of trial counsel, Justice Hunter went on to state: "The record shows that counsel did present a vigorous defense." *McFarland, supra* at 531, 381 N.E.2d at 1063. Following this statement, Justice Hunter went on to articulate trial counsel's performance and found from this Court's independent search of the record that it did not support appellant's claim of ineffective assistance of counsel. We find no merit to appellant's allegations in this regard. *See Ingram v. State* (1987), Ind., 508 N.E.2d 805.

■ Appellant contends the trial court erred in refusing to grant him a continuance in order to obtain the testimony of his claimed alibi witness, Leon Woods. At the post-conviction hearing, Woods testified

that he was aware he had been subpoenaed for petitioner's trial, but he did not show up because he did not have a ride. He also claimed no one offered him a ride.

The record shows that during petitioner's trial a discussion was held concerning Woods. The defense investigator had attempted to provide Woods with transportation to the court, but Woods was not at home when the investigator went to pick him up. A bench warrant was issued, and later that day when Woods still was not found, the trial court granted appellant's request for a continuance. The trial was continued until the next day. On the following day, the defense investigator testified to his efforts to find Woods, indicating that he in fact contacted Woods by telephone, but when he arrived at Woods' residence, he was not there. Following this disclosure, appellant made no request for an additional continuance.

It is now appellant's claim that this demonstrated his trial counsel's ineffectiveness by failing to request a longer continuance. However, one can deduce from this record that trial counsel had become very dubious of Woods' testimony in view of what appeared to be his reluctance to appear. We cannot say at this stage of the proceeding that his failure to request a further continuance was ineffectiveness of counsel. We see no error in the trial court's ruling on this matter, *Schalkle v. State* (1979), 272 Ind. 134, 396 N.E.2d 384, nor do we see any ground for holding trial counsel to be ineffective. *See Baum v. State* (1989), Ind., 533 N.E.2d 1200.

Appellant claims the trial court erred in permitting what he describes as his involuntary statement to police following his arrest. This issue was addressed in appellant's original appeal. *See McFarland, supra.* It therefore is not an available issue at this time. *See Cambridge v. State* (1984), Ind., 468 N.E.2d 1047.

Appellant contends his constitutional rights were violated when the trial court permitted the in-court identification of him by Gladys Glenn. He alleges that her in-court identification was tainted by the suggestive pretrial procedure. At trial, a hearing was held on appellant's motion to suppress Glenn's identification. However, this issue was not presented in appellant's direct appeal. This claim fails to demonstrate ineffectiveness of appellate counsel.

The record indicates that Glenn was shown many photographs. However, there is no evidence that any photograph was pointed out to her. In fact, the first group of photographs shown to Glenn did not contain a picture of appellant. This accounts for her lack of identification at that time. The fact that Glenn was shown numerous photographs demonstrates that the procedure was not impermissibly suggestive. *See Little v. State* (1985), Ind., 475 N.E.2d 677.

Mrs. Glenn also was present at a police lineup procedure. However, there is no indication that she was prompted in any way by the attending officers. Appellant was present in the lineup. However, at first, Mrs. Glenn did not identify him. She subsequently testified that she was able to identify appellant at the lineup but she did not do so because being face-to-face with appellant frightened her.

At trial, Mrs. Glenn remained adamant that her identification of appellant was based upon what she had observed the night of the crime. She first observed both men about 11:00 p.m. and had served them beer. The two men were in the bar for about fifteen minutes and she was close to them when she served them. She testified that the light, although dim, was adequate for her to see them. There is ample evidence in this record to support the trial judge's finding that Mrs. Glenn had an independent basis for her identification of appellant. *See Rondon v. State* (1989), Ind., 534 N.E.2d 719, *cert. denied*, 493 U.S. 969, 110 S.Ct. 418, 107 L.Ed.2d 383.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result.