**David LINDER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 65A04–9104–PC–111.**

Court of Appeals of Indiana,
Fourth District.

April 13, 1992.

Judith M. Cannavo, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

Linder was convicted of voluntary manslaughter and arson as a Class A felony. His convictions were affirmed by the supreme court on direct appeal. *Linder v. State* (1985) Ind., 485 N.E.2d 73. He now appeals from the denial of his petition for post-conviction relief.

Linder contends the court committed fundamental error at his trial by permitting him to be convicted of arson as a Class A felony (arson resulting in bodily injury to another person) when he had only been charged with the Class B version of the offense. He contends the conviction denied him due process.

The state responds that a defendant may waive his rights to due process and that Linder must be deemed to have done so because he invited the error by requesting that the jury be instructed on arson as both a Class A and a Class B felony.

We agree with the state that Linder may not be heard to contend that he was denied due process when he was the party that requested the jury be instructed on the availability of Class A arson as an offense for them to consider. Nevertheless, we are constrained to find that the court committed fundamental error when it *sentenced* Linder for both manslaughter and Class A arson.

Our supreme court has repeatedly held that it is a violation of the guarantee against double jeopardy and fundamental error for the court to sentence on both a

homicide offense and upon the class enhancement of a separate felony where the class enhancement depends upon the same injury that occurred in the homicide. *See Hansford v. State* (1986) Ind., 490 N.E.2d 1083, 1089; *Tawney v. State* (1982) Ind., 439 N.E.2d 582.

This rule applies in Linder's case because both the manslaughter and the class A enhancement of the arson were based upon the death of Cynthia Duvall.

We therefore remand with instructions to vacate the conviction for arson as a Class A felony, to enter his conviction for arson as a Class B felony and to resentence Linder accordingly.

SULLIVAN, J., concurs.

CHEZEM, J., dissents and files separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. I agree with the majority that Linder invited any error regarding his conviction of arson as a class A felony. An error invited or caused by the complaining party is *not* reversible error. *Craig v. State* (1985), Ind., 484 N.E.2d 566; *Berry v. State* (1991), Ind.App., 574 N.E.2d 960.

I disagree, however, that the court committed fundamental error when it sentenced Linder for both manslaughter and class A arson. We note Linder did not raise this issue in his petition for post-conviction relief. Linder raised this issue in his direct appeal, and his convictions were affirmed by our supreme court. *Linder v. State* (1985), Ind., 485 N.E.2d 73. There, our supreme court stated:

> [Linder] maintains the homicide was caused by the fire, and there was only one act resulting in both the death of the victim and destruction of the trailer. He therefore reasons he could not be convicted of both manslaughter and arson. We disagree. That there is only one set of facts in which [Linder] was found guilty of pouring gasoline over [the victim's] body and throughout the trailer and lighting it does not foreclose him from being guilty of more than one

crime. The elements of the two crimes charged here are different; there is a separate identity of offense in each crime.

[Linder] was not charged with felony murder such that arson was the underlying felony which caused [the victim's] death. He was charged in one count with [the victim's] murder and in another count with committing arson upon the residential house trailer. These were two separately defined crimes that were proven in the evidence. Even though the same acts by [Linder] prove each crime, the conviction of one does not foreclose conviction for the other. If each offense requires proof of an additional fact that the other does not, as here, double jeopardy prohibitions are not violated. [citations omitted].

. . . . .

The only objection [Linder] makes to his sentencing is based on the same argument he made contesting his conviction on both crimes. He argues that since he set only one fire, he should receive only one sentence.

. . . . .

We find the trial judge properly sentenced [Linder] in both crimes. The present sentences were within the terms set forth by the Legislature in sentencing provisions.

*Id.* at 77–78. Accordingly, I would affirm the post-conviction court's denial of Linder's petition.